## WILSON *v.* STRIPE.

Where property exempt from execution is taken on attachment, the fact may be shown on motion to dissolve the attachment, or on motion to have the property released. But if the party fails to avail himself of such motion, it does not follow that his right to the property is forfeited, or that he may not recover in an action of replevin.

The action of replevin is authorized by the Code, to recover the possession of personal property taken on legal process, if it was exempt from seizure by such process.

A judgment, until reversed, is conclusive of every issue that was or should have been tried under the pleadings, but it is not conclusive of facts that were not in issue, nor admitted by the pleadings, and therefore, if connected with an order to sell property under attachment, it is not conclusive that the property was not exempt from execution. An order to sell property, made at the time and in connection with a judgment, is independent of the judgment, and may be revoked or defeated by a replevin of the property without impairing the judgment.

A judgment with an order to sell property under attachment, is not a bar to an action of replevin for the property, on the ground that it was exempt from execution.

*Appeal fom Lee District Court.*

*Opinion by* GREENE, J. This was an action of replevin, commenced by William C. Stripe, against Geo. B. Wilson as constable, to recover the possession of a horse which

Wilson had taken on attachment against Stripe. The petition claimed to recover on the ground that the horse was exempt from execution. The cause was submitted to the court without a jury. On the trial, it appeared that the plaintiff was the head of a family, and that he had no other horse than the one taken in replevin. The court rendered judgment in favor of plaintiff; and decided that the plaintiff in replevin might have joined issue on the trial before the justice of the peace, and might have claimed there that the horse was exempt from execution or attachment, but that he was not bound to do so under the Code; and by not doing so, he did not waive his right to claim the horse as exempt from attachment; that the judgment and proceeding in attachment, before the justice of the peace, is not a bar to this action of replevin.

From this decision, Wilson appealed, and contended that Stripe ought to have claimed the horse as exempt from execution, on the trial of the suit of *Tapping* v. *Stripe,* in which the horse was attached, and that as he failed to make the issue at that time, he was estopped from claiming him in any other way.

It appears that Tapping sued Stripe before a justice of the peace, on a promissory note; that the horse in question was delivered to the constable on garnishee process as the property of Stripe; that judgment was rendered against Stripe by default, and the horse was ordered to be sold.

Although the proceeding is not expressly authorized by the Code, still we agree with the court below, that the defendant might have appeared before the justice for the purpose of showing that the property was exempt from the attachment. Where all the property attached is exempt, the fact might be shown on motion to dissolve the attachment, or on motion to have the exempted property released. But if the party fails to avail himself of such motion, it does not follow that his right to the property under the law, is forfeited, or that he is estopped from recovering it in an action of replevin.

The action of replevin is expressly authorized by the Code, where the object is to recover the possession of personal property taken from the owner by legal process, and which was exempt from seizure by such process ; § § 1994, 1995. The owner of such exempted property, may avail himself of this remedy at any time before the property is finally sold by virtue of such process, unless the same issue had been *res judicata* on motion, in reference to the attachment. No such motion was submitted and tried in the present case ; consequently, the proceeding by replevin was authorized.

But it is contended that the property attached was ordered to be sold to satisfy the judgment, and that such order and judgment are conclusive against Stripe. This proposition goes too far. Such a judgment, until reversed, is conclusive of every issue that was or should have been tried under the pleadings. It is conclusive of defendant's indebtedness to the plaintiff, but it is not conclusive of facts that were in no way in issue, nor admitted by the pleadings. It is conclusive that the horse was ordered to be sold to satisfy the judgment, but it is not conclusive that the horse was not exempt from such sale, for that question was in no way involved by any issue before the court. Had a motion been made and tried to vacate or dissolve the attachment levy, on the ground that the property was exempt, and if that issue had been decided, then the question might be regarded as *res judicata*, and might be pleaded in bar to this action.

The judgment in the district court in this action of replevin is claimed to be in conflict with the judgment in *Tapping* v. *Stripe*, before the justice of the peace. It is claimed that the one is collaterally impeached and set aside by the other, in direct opposition to the uniform rulings of this court, in reference to the conclusiveness of judgments when collaterally assailed. But we can see no such conflict between the two judgments. The judgment against

*36

Stripe before the justice of the peace is in no way impaired by the judgment in replevin. It possesses the same force, vitality and conclusiveness since the replevin, that it did before. True, the auxillary proceeding in *rem* is affected by it, but that is no part of the judgment upon the merits. That judgment is perfect either with or without the attachment proceeding. It is also independent of the order of sale, and as complete without, as it can be with that order. Consequently, as the replevin proceeding merely affected the order of sale, it did not impair the judgment. It merely prevented an illegal sale of property to satisfy the judgment, but left the judgment just as effectual against property subject to execution as it was before the replevin suit was commenced.

We therefore conclude that the judgment and order to sell the property was not a bar to the action of replevin, for the property which was exempt from seizure under the attachment.

Judgment affirmed.

*Edwards* and *Turner*, for appellant.

*J. Matthews*, for appellee.