The Louisville, Evansville and St. Louis Railway Co. v. Payne *et al.*

Filed Oct. 6, 1885.

---

No. 11,959.

## The Louisville, Evansville and St. Louis Railway Company v. Payne et al.

Replevin.—*Complaint.*—*Affidavit.*—*Practice.*—In actions for the possession of personal property, the complaint, if it contains the statutory requisites and is verified, may subserve the two-fold purpose of complaint and affidavit, and its sufficiency as a cause of action may be tested by demurrer, and as an affidavit by motion to quash the order or writ issued thereon.

Same.—*Detention.*—An affidavit for the possession of personal property which alleges that the property is *wrongfully,* instead of *unlawfully,* detained, as required by the statute, and does not charge that the detention is by the defendant, seems to be bad.

Same.—*Property Held Under Execution.*—*Exemption.*—An execution defendant can not maintain an action for the recovery of personal property held under the execution, except where the property is, by statute, exempt from execution.

Same.—*Void Execution and Judgment.*—*Pleading.*—A naked averment in the complaint, without more, that the execution and judgment are void, is a mere conclusion.

From the Dubois Circuit Court.

*H. S. Downey* and *O. A. Trippett,* for appellant.

Howk, J.—The only error assigned by the appellant, the plaintiff below, upon the record of this cause, is the decision of the court in sustaining the separate demurrers of the appellees for the alleged want of facts, to its complaint.

In its complaint, the appellant alleged that it was the owner,

and lawfully entitled to the possession, of certain described personal property; that such personal property had not been taken for a tax, assessment or fine pursuant to any statute, or seized under an execution or attachment against the appellant's property; that such property had been wrongfully detained by the appellees, under color of an execution issued by R. M. Capehart, justice of the peace of Pike county, Indiana, in favor of appellee Payne and against the property of the appellant, which execution, and the judgment upon which it purports to have been issued, as appellant believed and charged, were absolutely void; that appellant estimated the value of such personal property at the sum of $250; and that such property was detained at Velpen, in the county of Pike.   Wherefore, etc.

The question for our decision is this: Does the appellant's complaint state sufficient facts to constitute a cause of action? Or, in other words, does the complaint show by its allegations of facts, that the possession of appellant's personal property was, in the language of the statute, "unlawfully detained" by the appellees?   Section 1266, R. S. 1881, provides as follows: "When any personal goods are wrongfully taken, or unlawfully detained, from the owner or person claiming the possession thereof, or, when taken on execution or attachment, are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof."

In this case the appellant claimed the delivery of the property, and its complaint was prepared so that when verified, as it was, it would also serve for the affidavit required in such case by section 1267, R. S. 1881.   In that section of the code it is provided that such an affidavit must show:

"*First.* That the plaintiff is the owner of the property, or that he is then lawfully entitled to the possession thereof, and particularly describe it.

"*Second.* That the same has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an

execution or attachment against the property of the plaintiff, or, if so seized, that it is, by statute, exempt from such seizure.

"*Third*. That the property has been wrongfully taken and is unlawfully detained by the defendant, or is unlawfully detained.

"*Fourth*. The estimated value of the property, and in what county the same is believed to be detained."

It has been held by this court, and correctly so we think, that in actions for the possession of personal property, the plaintiff's complaint, if it contains the statutory requisites of an affidavit to obtain an order for the delivery of the property, and if it be verified, may subserve the two-fold purpose of complaint and affidavit. *Cox* v. *Albert*, 78 Ind. 241. But, of course, the sufficiency of such verified complaint, as a cause of action, could be tested by demurrer, and, as an affidavit, by motion to quash the order or writ issued thereon. In the case in hand, we have given the substance of appellant's verified complaint, almost in the language of the pleader. It will be observed that the appellant has not alleged that its personal property was wrongfully taken or seized by the appellees; but it has attempted to charge them with the unlawful detention of its property as its sole cause of action. The detention of its property is twice alleged in the complaint, and, as the language used by the pleader is peculiar at least, we will quote it literally. The first allegation is as follows: "That the said property has been wrongfully detained by the defendants," etc. The second allegation of the complaint, in regard to the detention of the property, is in these words: "And that the same is detained at Velpen, in the county of Pike."

This second allegation is clearly insufficient, for two reasons: 1. Because it is not alleged that the property was *unlawfully* detained; and, 2. Because it does not charge that the property was detained by the appellees in any manner.

We return to the first allegation above quoted. It charged that the property "has been wrongfully detained," etc. The

phrase "has been detained," grammatically considered, has reference solely to something done in the past. As used in the complaint, it does not mean that the property was detained, etc., at the time of the commencement of the action, and yet that is what ought to have been alleged in the complaint. The word "wrongfully" is improperly used in the first allegation above quoted. The statute provides, as we have seen, that when personal goods are "wrongfully taken," or are "unlawfully detained," from the owner or claimant thereof, he may have his action for the possession of such goods. Throughout the statute, it will be observed that the word "wrongfully" is used to characterize the taking or seizure, and the word "unlawfully" is used to characterize the detention of personal goods, which would authorize the owner or claimant to maintain an action for the possession thereof. These words, "wrongfully" and "unlawfully," are not synonyms or the equivalents of each other; they are not convertible terms. This has been several times decided by this court in construing the language of another statute. *Board, etc.,* v. *Armstrong,* 91 Ind. 528; *Durham* v. *Board, etc.,* 95 Ind. 182; *Board, etc.,* v. *Murphy,* 100 Ind. 570.

Passing these objections to the first allegation above quoted, however, and conceding, but by no means deciding, that such allegation, if it had ended where our quotation ends, would have sufficiently shown the unlawful detention of appellant's property by the appellees, we prefer to quote, and rest our decision of this case upon the whole of the first allegation of the complaint in relation to the detention of the property. We quote literally as follows: "That the said property has been wrongfully detained by the defendants under color of an execution issued by R. M. Capehart, justice of the peace of Pike county, Indiana, in favor of said defendant Thomas E. Payne, and against the property of the Louisville, Evansville and St. Louis Railway Company, which execution, and the judgment upon which the same purports to have been issued, are, as plaintiff believes and charges, absolutely void."

It sufficiently appears from this allegation of the complaint, that the plaintiff in this suit is the defendant in the execution issued by justice Capchart, under which the appellees hold and detain the possession of the property in controversy. Under the provisions of our code, the execution defendant can not maintain such an action as this for the recovery of the personal property held under the execution, except where the property is, by statute, exempt from execution, which is not claimed in this case. The averment in the complaint, that the execution and judgment are absolutely void, is merely the pleader's conclusion from facts which are not pleaded and are not apparent, and amounts to nothing. Even if the complaint had shown in strictly formal language, that at the commencement of this suit the property in controversy was unlawfully detained by the appellees, in Pike county, yet the specific statement of the complaint, in regard to the appellees' holding and detention of the property under the execution against the appellant, would overcome such formal allegation and show that, in fact and in law, the appellees' detention of the property was not unlawful. *Reynolds* v. *Copeland,* 71 Ind. 422 ; *State* v. *Wenzel,* 77 Ind. 428 ; *Ragsdale* v. *Mitchell,* 97 Ind. 458.

The demurrers to the complaint were correctly sustained.

The judgment is affirmed, with costs.

Filed Oct. 7, 1885.