HECTOR EVANS, Respondent, v. THE HANNIBAL
& ST. JOSEPH RAILROAD COMPANY,
Appellant.

St. Louis Court of Appeals, May 15, 1894.

1. **Justices' Courts: NOTICE OF APPEAL.** When an appeal is taken from the judgment of a justice of the peace, and the appellant takes a change of venue from the circuit court to which the appeal is returnable, notice by him to the appellee of the application for such change of venue will not obviate the necessity for notice of the appeal.

2. ———: ———. Such change of venue was effected at the first term, after the appeal, of the court to which the appeal was returnable. The first succeeding term of the court to which the venue was awarded began several months afterwards. *Held,* that the latter constituted the second term of the appellate court for the purposes of notice of the appeal.

3. **Practice, Trial: CHANGE OF VENUE: RECORD ENTRIES.** The cover to the transcript of the record of a cause, filed to perfect a change of venue, contained the style of the cause and a note of appearances by the parties through counsel. *Held,* that its statements were no part of the record.

*Appeal from the Shelby Circuit Court.*—HON. ANDREW
ELLISON Judge.

AFFIRMED.

*Ben. Eli Guthrie* for appellant.

The sole object of the statutory requirements as to notice of appeal, is to give the appellee notice that the cause is pending in the circuit court. The notice of the application for a change of venue gave all the requisite information. R. S., secs. 6342, 6343, 6344; *Page v. Railroad*, 61 Mo. 78; *Henderson v. Henderson*, 55 Mo. 534, 545; *Berry v. Union Trust Co.*, 75 Mo. 430; *Bates v. Scott Bros.*, 26 Mo. App. 428.

*Bert D. Nortoni* for respondent.

The notice of change of venue was not sufficient to, and did not, supply notice of appeal. The notice of appeal is a thing apart from the actual notice which a party may have that an appeal has been taken, and great particularity is required in such notices. Wade on Notices, sec. 1211; *Hammond v. Kroff*, 36 Mo. App. 118; *Tiffen v. Mellington*, 3 Mo. 418. The appellee may have actual knowledge that an appeal has been taken. He may stand by and see it perfected, yet he must have the statutory notice, and this notice must describe the cause in which the appeal is taken. *The McGinnis-Ingels Co. v. Taylor*, 22 Mo. App. 513, 516. When the statute specifically prescribes the character and manner of service, it is strictly construed. *Hyde v. Goldsby*, 25 Mo. App. 29; *Charless v. Moring*, 1 Mo. 537; *Blanton v. Jamison*, 3 Mo. 52; *Smith v. Rawlins*, 25 Mo. 408; *St. Louis v. Goebel*, 33 Mo. 565; *Hewett v. Weatherby*, 57 Mo. 276.

BIGGS, J.—This action originated before a justice of the peace, where the plaintiff had judgment. On appeal the judgment was affirmed for failure to give notice of the appeal. This ruling of the circuit court

is the only question presented by the record for our consideration.

The facts are these: The suit was brought before a justice of the peace in Macon county. The judgment there was entered on the thirty-first day of January, 1893, and an appeal granted on the sixth day of February following. The transcript was filed in the office of the clerk of the circuit court of Macon county on the twenty-second day of February. The next regular term of that court was held in April. On the first day of that term, to wit, April 17, 1893, the defendant, pursuant to notice, filed an application for a change of venue. The application was sustained, and the venue of the cause was changed to the circuit court of Shelby county. The next term of the latter court, following the transfer of the case, was held in October. At that term the plaintiff appeared and moved the court to affirm the judgment for want of notice of appeal. The court sustained the motion, it appearing that the notice had not been given.

The contention that the October term of the circuit court of Shelby county was the first term at which the cause was properly triable, is not tenable. The statute ( R. S. 1889, sec. 6341) provides that "all appeals allowed ten days before the first day of the term of the appellate court next after appeal allowed, shall be determined at such term, unless continued for cause." The return term of the appeal was the April term of the Macon county circuit court, and the notice of the appeal should have been given for that term. The plaintiff was entitled to this notice, and the fact that the defendant intended to, and did, take a change of venue at that term in nowise relieved it of this legal duty. The second term after the appeal was the October term of the Shelby county circuit court. The defendant being still in default as to the notice, it became the

imperative duty of the court to affirm the judgment, unless, as the defendant contends, the plaintiff entered his appearance in the circuit court of Macon county at the time the change of venue was had.

Of this latter fact we find no record evidence. We have before us the original transcript, of the proceedings in the Macon circuit court, and it contains nothing tending to show this. The cover to the transcript, after giving the style of the cause, contains as the following:

"APPEARANCES:

"Bert D. Nortoni, New Cambria, Mo., for Plaintiff.

"Ben Eli Guthrie, Macon, Mo., for Defendant."

This can not be accepted as a part of the record proper. It is at best a mere statement or recital by the clerk, and it does not even purport to be a part of the record.

Affidavits were offered on both sides as to the fact of an actual appearance by the plaintiff at the time the change of venue was granted. The court decided the issue adversely to the defendant, and that finding, under the circumstances, we do not feel authorized to review. All of the proceedings were before the same judge, and we must assume that he had some personal recollection of what actually occurred.

The service of the notice for the change of venue could not take the place of the notice of the appeal. The notice of the change of venue undoubtedly conveyed to the plaintiff the information that the appeal was pending, but "the notice of appeal is a thing apart from the actual knowledge which a party may have, that an appeal has been taken, and great particularity is required in such notices." *Hammond v. Kroff*, 36

Mo. App. 118. The object and purpose of the notice of appeal is not only to notify the appellee that an appeal has been taken, but to advise him that it will be prosecuted.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.