WILLIAM R. BUIS, Respondent, v. JEFFERSON COOPER, Appellant.

Kansas City Court of Appeals, November 4, 1895.

1. **Executions:** EXEMPTIONS: COMMON LABORER: RECITAL IN JUDGMENT. A judgment and execution thereon, under sections 4910, 4912, 4913, Revised Statutes, 1889, must recite that the amount due is for the services prescribed in the statute, and that the last service was within six months of the bringing of the suit. Without such recital, execution can not be enforced against the exempt property of the defendant.

2. ———: ———: ———: ———. A judgment and execution thereon without such recitals are not void, however, but are valid as ordinary judgments.

3. **Replevin**: EXECUTION DEBTOR: EXEMPTION. An execution debtor can not replevy his exempted property from the officer levying the execution thereon.

4. **Offices and Officers**: DEPUTY CONSTABLE: STATUTE. Section 2378, Revised Statutes, 1889, providing for the appointment of the deputy, is only directory in requiring the appointment and oath of office to be filed with the county clerk; and a deputy orally appointed and acting and reputed to be such, is an officer *de facto*.

5. ———: ———: ———. In this case the contention that the attack is directed upon the officer and the rule as to *de facto* officers can not exist, is not supported by the fact, since the plaintiff in the execution is interested in the levy.

ON MOTION FOR REHEARING.

6. **Execution**: JUSTICES' COURTS: INTEREST AND COST: IRREGULARITY. The fact that there are irregularities in the justice's judgment and the execution issued thereon, such as the mistake in the amount of cost, or its items, or the place on the execution where they should be set forth, or a neglect to state the rate of interest on the judgment or the execution, will not render such judgment or execution void, as section 6299, Revised Statutes, 1889, cures such informality, to say nothing of reason. *Roth v. Faconeswich*, 22 Mo. App. 68, *distinguished*.

*Appeal from the Johnson Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED.

*O. L. Houts* for appellant.

(1) Replevin for property taken by an officer under execution against its owner can not be sustained by the owner, though the property is by law exempt from seizure under the writ. Property seized under execution is in the custody of the law. *Hawk v. Lepple*, 51 N. J. Law, 208; s. c., 14 Am. St. Reps. 677; *Westerberger v. Wheat*, 8 Kan. 169. (Opinion of Judge Brewer upon a statute like the Missouri statute.) *Colvin v. Six*, 80 Mo. 61; *Bank v. Owens*, 79 Mo. 429; R. S. 1889, sec. 6169; *Gist v. Loring*, 60 Mo. 487.

Plaintiff's remedy, if he had one, was an action of trespass. (2) Furthermore, plaintiff's property was not exempt from an execution under this judgment for services rendered by a common laborer. R. S. 1889, sec. 4910. (3) The evidence not only tended to show, but showed without substantial conflict, and conclusively, that defendant was an officer *de facto* at the time he levied the execution upon the property in question, and defendant's demurrer to the evidence should have been sustained on that ground, and if that is not true, the question, at all events, should have been submitted to the jury under the instruction asked by the defendant. *Powers v. Braley*, 41 Mo. App. 556; *State to use v. Muir*, 20 Mo. 303; *Dickenson v. The City of Butler*, 27 Mo. App. 9; *Simpson v. McGonegal*, 52 Mo. App. 540. There is nothing in plaintiff's contention that this doctrine can not be invoked in this case. The execution plaintiff Dowell, a third party, was interested in the seizure of that property under the execution. (4) The execution was a valid one, based upon a valid judgment, and was a complete protection to the defendant. *Peery v. Gill*, 36 Mo. App. 685; *Howard v. Clark*, 43 Mo. 344; *Melcher v. Scruggs*, 72 Mo. 406; *Rousey v. Wood*, 57 Mo. App. 650. This doctrine is especially applicable to proceedings before a justice of the peace, whose court is that of the common people. *Lemmon v. Lloyd*, 46 Mo. App. 452. The case of *Roth v. Faconeswich*, 22 Mo. App. 68, has no application to this case. R. S. 1889, sec. 6299; *Workman v. Taylor*, 24 Mo. App. 550.

*Allen & Chapman* and *A. B. Logan* for respondent.

(1) The statement filed does not show suit was based on account for services as house servant or for common labor as required by statute. R. S. 1889, sec.

4910. The judgment does not recite this fact, nor does the execution. This is required by statute, and, in the absence of such recitals, the judgment under this statute is void. R. S. 1889, sec. 4913. (2) The execution relied upon by appellants was void. R. S. 1889, sec. 6305; *Roth v. Faconeswich*, 22 Mo. App. 68; *Wernecke v. Wood*, 58 Mo. *loc. cit.* 356; *Meyer v. Hartman*, 14 Mo. App. 130. (3) All the property sued for in this case was exempt from execution, for plaintiff was the head of a family and made demand thereof; the entire property seized was of about the value of $200. R. S. 1889, secs. 4903, 4906. (4) Appellant can not justify his taking on the ground of being an officer. He had never taken the oath of office prescribed by section 6, article 14, constitution of Missouri, page 108, nor had his appointment and oath of office been filed in the office of the clerk of the county court. R. S. 1889, sec. 2378, p. 606; *State v. Underwood*, 75 Mo. 230; *State v. Dierberger*, 90 Mo. 369. The acts of an officer *de facto* are only valid upon the grounds of public policy, and then only so far as the public and third persons have acquired rights by reasons of the acts of such officer *de facto*. *State v. Douglass*, 50 Mo. 593; *Harbaugh v. Winsor*, 38 Mo. 327; Freeman on Execution, sec. 101; *Wilcox v. Smith*, 5 Wend. 231; *State v. Carroll*, 9 Am. Rep. 49; *Conway v. City of St. Louis*, 9 Mo. App. 488; *Adams v. Lindell*, 5 Mo. App. 197; *Adams v. Lindell*, 72 Mo. 198; *Simpson v. McGonegal*, 52 Mo. App. 540. (5) It was an ancient maxim of the law that goods seized by an officer in obedience to legal process were in the custody of the law. *Custodia legis*. This rule, though still in force, must be understood as applying only to cases where the seizure is rightful and upon valid and sufficient process, and not generally to all cases where an officer assumes to execute process and seize property. Wells

Buis v. Cooper.

on Replevin, sec. 242; *Hombs v. Corbin*, 20 Mo. 503; Wells on Replevin, sec. 251; *Conner v. Palmer*, 13 Metcalf, 302. (6) Replevin lies for exempt property wrongfully seized under execution. Wells on Replevin, secs. 268, 269, 270; *Isley v. Stubbs*, 5 Mass. 280; *Morris v. De Witt*, 5. Wend. 71; *Perry v. Richardson*, 9 Gray, 216; *Bean v. Hubbard*, 4 Cush. 86.

ELLISON, J.—This is an action of replevin, which, on the main points in controversy here, was decided in plaintiff's favor by the trial court, as, on those questions, the jury were directed not to consider the evidence which had been given.

It appears that one Dowell had a claim against this plaintiff as a common laborer and that within six months after his claim accrued he began suit before a justice of the peace against this plaintiff and recovered judgment thereon for $11.15. An execution was issued on this judgment and delivered to the defendant herein, who was acting as deputy constable, and who, for present purposes, we will consider to be such deputy, regularly appointed. Defendant levied the execution on personal property of this plaintiff which was ordinarily exempt from execution, plaintiff being the head of a family. Plaintiff then instituted the present action of replevin and had the property, which consisted of two horses, taken from the defendant constable, and recovered in the trial court.

The suit of Dowell against this plaintiff, being for work and labor, was instituted under the provisions of sections 4910, 4912, and 4913, Revised Statutes, 1889. And if those sections have been observed and complied with in that case, plaintiff was not entitled to the claim of exemption from execution and his case here in this respect must fail; for it is provided by those sections that to the amount of $90 due to a house servant or

common laborer, no property of such debtor shall be exempt from execution, if the suit to recover for service be commenced within six months from the performance of the last service. But in order to give this privilege to such servant or laborer, the judgment must be, and it must be recited in the judgment, that the amount found is for such service and that the last service was within six months of the time of bringing the suit; and these facts, by the terms of section 4913, must also be recited in the execution which is issued on such judgment. Therefore, notwithstanding the suit may be for the service of a house servant, or a common laborer, and the last service be within six months prior to bringing the suit, yet in order to prevent the defendant in such suit from claiming exemptions, those facts must appear in the judgment and be recited in the execution. In this case we may grant that the judgment in the Dowell case against this plaintiff sufficiently showed that the work sued for was that of a common laborer; yet it nowhere appears in such judgment that the last labor was performed within six months prior to bringing the suit. In docketing the case, when filed with him, the justice stated in the docket that such was Dowell's claim, but there is nothing to show that this was found by the justice to be the fact. Furthermore, the execution afterward issued and delivered to this defendant, under which he took plaintiff's property and refused him his ordinary exemptions, is a mere ordinary execution, with none of the recitals required by the statute. The constable, therefore, had not the requisite authority to refuse plaintiff his exemption.

2. But, notwithstanding a lack of the statutory prerequisite to depriving a defendant from making a claim of exemption, the judgment and execution are not, for that reason, void. They will remain good as an ordinary judgment and writ. And so we hold the

Dowell judgment and execution to be valid in this case, as in ordinary cases.

3. We are thus brought to the question whether this plaintiff can replevy property which has been taken on an execution against him, notwithstanding it may be exempt from execution. By reference to our statute of replevin, it will be seen that the plaintiff in replevin is required to make affidavit that the property he seeks to have taken has not been seized under an execution against him. This would settle the point against the plaintiff here, unless the fact that the property taken was exempt can influence a contrary conclusion. In many states it is held that if the property be exempt from execution, the defendant in the execution may replevy it from the officer. *Wilson v. Stripe*, 4 Greene, 551; *Louisville E. & S. R'y Co. v. Payne*, 103 Ind. 183; *Westerberger v. Wheat*, 8 Kan. 169. But in such jurisdictions the general rule is recognized that the defendant in an exection can not replevy from the officer the property taken under the writ; and the exception in favor of exempt property is specially made by statute. We have no such statutory exception in this state, and hence believe the general rule should find full application in all cases where the proceeding is based on valid process and is executed by proper authority. If exempt property is levied upon, there are ready and adequate means to restore it, other than by an independent suit in replevin, a proceeding which is necessarily accompanied by much delay as well as embarrassment to the court issuing the execution. *Hawk v. Lepple*, 51 N. J. L. 208.

4. The further question is presented whether this defendant was an officer authorized to levy the execution. He claims to have been a deputy constable. The statute provides, section 2378, that the constable may appoint a deputy and the appointment and oath

of office must be filed with the county clerk. This contemplates that the appointment shall be in writing. But the evidence here shows that the appointment was verbal, it being further shown that defendant acted as such deputy and was reputed to be such. It was decided by the supreme court that the appointment and oath of the deputy need not necessarily be filed with the county clerk, the statute being construed to be directory in this respect. *State v. Underwood*, 75 Mo. 230. It was further held that, where the deputy was appointed in writing, not filed with the clerk, and also failed to take the required oath, he was, nevertheless, a *de facto* officer. *State v. Dierberger*, 90 Mo. 369. The difference between the latter case and the one under discussion is that in this case the appointment was verbal.

In passing on the instruction given for plaintiff, we must assume the fact to be that this defendant was verbally appointed deputy by the constable of the township and that he acted and was reputed as such. Accepting the logical deduction to be made from the reasoning in *State v. Dierberger*, and especially of the case of *Simpson v. McGonegal*, 52 Mo. App. 540, we are constrained to hold that the defendant was a *de facto* officer. The mere fact that this appointment was verbal ought not to distinguish this from those cases. The result is that since the judgment and execution were valid, and since the evidence tended to show defendant to be a *de facto* officer, the court should not have given plaintiff's first instruction declaring the execution and the acts of the officer void.

5. It is suggested that this is a direct attack upon the officer himself and that therefore the reason for the application of the rule as to *de facto* officers does not exist. This suggestion is not supported by the facts. The plaintiff in the execution is interested in the levy,

and if the levy is to be destroyed by sustaining this action, plaintiff's rights are directly affected.

The judgment will be reversed and the cause remanded. All concur.

### ON MOTION FOR REHEARING.

ELLISON, J.—The further point is made that the execution was void for the reason that neither the judgment nor execution stated the rate of interest the judgment bore; and that the judgment "did not contain an account of the debt, damages, costs, and of the fees due to each person on the judgment separately." And that the execution "did not have written or printed thereon a true statement of each and every item of all the taxable costs in the case, and over and against each item so stated, the amount of money taxed thereunder." All such omissions being, as is contended by plaintiff, required by section 6305, R. S. 1889, reading as follows: "Before any execution shall be delivered, the justice shall state in his docket, and also on the back of the execution, an account of the debt, damages and costs, as in this section provided, and of the fees due to each person, and the rate of interest on the judgment, separately.  *  *  *"

The judgment in this case did state the amount for which it was rendered and the amount of the costs recovered, and this was duly entered in the docket. It did not state any damages, for the plain reason that there were no damages in the case. The justice also stated on the back of the execution, the amount of the debt, $11.10, for which he rendered judgment and included in the total the further sum of $9.40, making $20.50. The justice likewise stated, by items, at the foot of the execution, an account of the fees in the case, amounting to $6.05. It further appears that the judgment, as

stated therein, was rendered for $11.15 and the costs of suit $11. It appears that the justice did not state the fees due to each person on the *back* of the execution, though he did state them at the *foot* of the execution and stated a total sum on the back. It also appears that the judgment recites the costs of suit for which judgment was rendered was $11, while the execution recites that the costs recovered in the judgment were $11.60. It also appears that neither of these sums agree with the amount of costs as itemized at the foot of the execution, or as placed on the back thereof. Nor does the amount at the foot agree with the amount stated on the back. Yet neither of these irregularities or inaccuracies, nor all of them, make the execution void. If a mistake in the amount of the costs, or in the items, or in the precise place on the execution where they should be set forth, is to render void an execution from a justice of the peace, a valid writ would be a rare happening. The statute aforesaid requires that the justice shall state in his docket and on the execution the rate of interest the judgment is to bear; but if he fails to state it, neither the judgment nor the execution is void, the result, at most, being merely a failure to collect interest. So he is required to state a true account of the fees in his docket and on the back of the execution, yet if by mistake he fails to state them truly, or, by carelessness, puts the statement on some other place than the *back* of the writ, it is not for those reasons void. This ought to be true, even without the express aid of the statute itself, but in order to make it apparent the legislature has enacted section 6299, which reads that: "No judgment rendered by any justice of the peace shall be deemed invalid, stayed, or in any way affected by reason of the neglect or failure of the justice to enter the same within the time prescribed, or by reason of any informality in entering

or giving such judgment or other entry required to be made in the docket, or for any other default or negligence of the justice or constable, by which neither party shall have been prejudiced."

The case of *Roth v. Faconeswich*, 22 Mo. App. 68, is not opposed to what we have written. In that case an execution was issued before a judgment by confession was entered in the docket; perhaps before any judgment on the confession was rendered. The only authority for the execution being what purported to be a judgment written on a piece of paper by the justice's clerk, and (so far as appears) unsigned.

Motion overruled.    All concur.