W. H. HART, Respondent, v. F. P. MAYHUGH, Appellant.

St. Louis Court of Appeals, April 29, 1898.

1. **Judgment:** EXEMPTION UNDER THE STATUTE WHERE SUIT IS BROUGHT BY COMMON LABORER. Where the judgment is not such as to entitle plaintiff to the remedies provided by the statute for services of common laborer, still the judgment is valid as a general judgment, subject to defendant's general exemption rights.

2. **Venue:** CHANGE OF VENUE AFTER APPEAL FROM JUSTICE'S COURT: NOTICE. A change of venue may be had after an appeal from a justice before notice of appeal is given to the other party, and the notice of the application for change of venue is not a substitute for notice of appeal; nor does it prevent an affirmance for want of the latter in the court to which the cause was transferred by change of venue (R. S. 1889, sec. 6342).

*Appeal from the Webster Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

C. W. HAMLIN for appellant.

The judgment rendered by the justice was void and consequently the judgment of affirmance attempted to be rendered by the Webster circuit court was void. *First.* The account was for services as a common laborer—$173. Revised Statutes 1889, section 4910 provides only for the recovery of $90 for services as common laborer. While here he sues for and obtains a judgment for $173 as common laborer. *Second.* We may be told that this is an exempt statute—a fact which we grant, yet section 4913, same page, specifies what facts shall be set forth in the verdict and judgment in order to make it valid. "The

court, justice or jury trying such action shall, if they find for the plaintiff also find how much he or she is entitled to recover for services such as are specified in section 4910, for which suit was commenced within the time limited in section 4912, which facts shall be set forth in the judgment rendered and recited in the execution issued thereon." *Third.* The judgment rendered by 'the justice recites none of these facts. *Fourth.* Justices' courts are courts of inferior jurisdiction and nothing can be presumed in favor of the enlargement of their jurisdiction. They are creatures purely of the statutes and their acts must have "so saith the law" to make them valid. Justices of the peace have only such powers as are given them by statute. Enlow v. Newland, 22 Mo. App. 581. *Fifth.* While the cause might have been tried *de novo*, and a valid judgment rendered by the circuit court, the court without a trial could only affirm such a judgment as the appellee had in justices' court. *Sixth.* In this case the verdict of the jury does not recite any portion of the requirements of section 4913, Revised Statutes 1889.

RUFUS V. BOWDEN, J. T. WHITE, DICKEY & MCDOWELL for respondent.

Notice of the appeal being required, and it being conceded that it was not given, the judgment is at all events for the right party and should therefore be affirmed, since if, for any reason, the case should be reversed and remanded, respondent would be entitled to an affirmance on motion. R. S. 1889, sec. 2303, and a uniform line of decisions. Respondent does not overlook the fact that in appellant's assignment of error it is claimed the record shows that plaintiff had entered his appearance in the cause in the Greene

circuit court. There is not a line in the record show-
ing such appearance by respondent, but on the con-
trary the recitals show clearly that he did not appear,
and that such proceedings as were had there were by
appellant alone, and appellant in his brief practically
concedes such non-appearance by basing his argument
upon the theory of presumptive appearance, which is
a new doctrine growing out of a logical (?) deduction
from the false premises laid by him. Respondent's
only appearance in the case was limited to the purpose
of his motion for affirmance, which was filed in the
Webster circuit court, and such appearance will not be
construed to be general. Wolf v. Harrington, 38 Mo.
App. 276; Ellis v. Kyes, 47 Mo. App. 155. Respon-
dent had a right to a general judgment in this cause.
He was not compelled to ask such judgment as would
deprive the defendant of his exemption on account of
the services being for common labor. Appellant can
not be prejudiced by the failure of respondent to ask
for and obtain all the advantages to which he may be
entitled. No effort was, in fact, made by respondent
to procure what is denominated a "common labor
judgment," as the statement and proceedings show.
But suppose, for the sake of argument, that such effort
had been made, the judgment obtained would still be
good as a general judgment, subject, however, to
appellant's general exemption rights. Buis v. Cooper,
63 Mo. App. 196. The circuit court of Webster county
had jurisdiction to render the judgment given in this
cause. The perfecting of the appeal in accordance
with section 6328, Revised Statutes 1889, gave to the
circuit court of Greene county jurisdiction of the sub-
ject-matter, and having such jurisdiction its order
granting the change of venue to Webster county con-
ferred such jurisdiction upon said Webster circuit
court. Appellant can not here, for the first time,

question the regularity of the change of venue. He should have objected to the order in the Greene circuit court and taken his bill of exceptions there. It is purely matter of exception, and even though exception had been taken in the Webster circuit court it could not avail appellant, since that court had no authority to allow exceptions to matters accruing in the Greene circuit court. The appeal is without merit, frivolous, vexatious and merely for delay.

Bond, J.—Plaintiff sued the defendant before a justice of the peace for $176.94, balance due on an account for personal services as janitor of the Springfield Normal School. The jury found the issues in favor of plaintiff in the sum of $173, whereupon on the day of the verdict, to wit, November 30, 1896, the justice rendered the following judgment: "It is therefore ordered and adjudged by the justice that the plaintiff have and recover of the defendant the said sum of $173 on account of labor done and performed as a common laborer, and the cost, and that execution issue." On the next day defendant took an appeal to the circuit court of Greene county. On the thirteenth of January, 1897, defendant filed an application for change of venue, which was sustained in that court on the ninteenth day of January following, had the venue changed to the circuit court of Webster county, where the transcript was filed before the March term of that court. Plaintiff made no appearance in said cause in the circuit court of Greene county and none at the March term in the circuit court of Webster county. At the September term, 1897, of the latter court, plaintiff appearing for the purpose of said motion only, moved an affirmance of the judgment of the justice, for the reason that two terms of court had elapsed since the appeal taken by the defendant and

Hart v. Mayhugh.

no notice thereof had been given to plaintiff. This motion was sustained the judgment entered affirming the judgment of the justice, whereupon defendant appealed to this court.

The first point urged for reversal is, that the judgment of the justice is void for omitting the recitals prescribed by the statute in suits for personal services brought by a house servant or common laborer under the statute permitting recoveries in such actions to the extent of $90 to be enforced against *any* property of the defendant without regard to his right to exemptions. R. S. 1889, secs. 4910, 4912, 4913. It may be granted that the judgment in this case is not such as to entitle plaintiff to the remedies provided by these statutes, but the judgment is still valid as a general judgment, subject to defendant's general exemption rights. Buis v. Cooper, 63 Mo. App. 196. This point is therefore ruled adversely to appellant. Appellant insists that the change of venue granted at his request was void and the judgment of affirmance in the circuit court was also void unless the respondent was in the circuit court of Greene county by appearance when the order for change of venue was made. This position is untenable. Appellant procured the change of venue to Webster county—the action is a transitory one. As to him, therefore, that court was possessed of jurisdiction as upon a general appearance, hence when respondent, appearing specially, moved for an affirmance of the justice's judgment, the court having both parties before it for that purpose, was authorized to rule upon the motion, and appellant is precluded from questioning its jurisdiction so to do. Besides there is no merit in the contention as a legal proposition. It has been expressly decided by this court that a change of venue

JUDGMENT for services as common laborer.

CHANGE of venue.

may be had after an appeal from a justice before notice of appeal is given to the other party, and that notice of the application for change of venue is not a substitute for notice of appeal, nor does it prevent an affirmance for want of the latter in the court to which the cause was transferred by change of venue. Evans v. R'y, 58 Mo. App. 427; R. S. 1889, sec. 6342. In the case at bar the record is silent as to whether notice of the application for change of venue was given. It clearly shows, however, that no notice of appeal was given respondent at any time, and that the only appearance made by him, except in a justice's court, was his motion (appearing for that purpose only) in the circuit court of Webster county for an affirmance of the justice's judgment for failure of notice to him of the appeal taken therefrom. Such appearance was a waiver on the part of respondent of any notice of the change of venue, but in no wise waived the want of notice of appeal, on account of which motion he asked an affirmance of the judgment in his favor. At the time of his request we know judicially from the facts in this record that at least two terms of the circuit court of Greene and Webster counties had elapsed since the appeal from the justice. As there is no evidence in this record that respondent waived the want of notice of appeal at any time, the judgment of affirmance was correct. It will therefore be affirmed. All concur.