GEORGE ABINGTON et al., Respondents, v. J. STEIN-
BERG, Appellant.

### St. Louis Court of Appeals, January 2, 1901.

1. **Officer, De Facto:** DEPUTY CONSTABLE. Where one acts as dep-
uty constable, although verbally appointed, he is *de facto* an officer
and his acts as such must be held valid.

2. **Jurisdiction:** APPEARANCE OF DEFENDANT: ESTOPPEL:
JUSTICE'S COURT. Where a defendant appears in obedience to a
writ and without objection submits himself and his property to the
jurisdiction of the justice, he is estopped from asserting a want of
jurisdiction of the justice either of his person or the subject-matter.

3. **Attachment for Rent:** LANDLORD AND TENANT. The extra-
ordinary remedy of attachment of landlord against a defaulting ten-
ant, is only afforded the landlord when his tenant is removing or
about to remove the crops from the demised premises so as to en-
danger the collection of the rent.

4. ———: ———: POSSESSION: REPLEVIN. Where the landlord
is constructively in possession of rent corn when it is removed by the
tenant, the landlord is entitled to sue therefor in replevin.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

No briefs filed.

BIGGS, J.—The plaintiffs rented two farms to one Kin-
nard for the year 1897 for a stipulated rent. Kinnard planted
and cultivated a crop of corn on the premises. During the
season, he mortgaged the growing crop to the defendant.
When the corn matured and had been gathered and cribbed

on the premises, the defendant, without the knowledge of plaintiffs or Kinnard, seized and removed a portion of it. To recover its possession the plaintiffs instituted the present action in replevin before a justice of the peace, claiming the corn as security for the unpaid rent. The defendant appeared to the action before the justice, and being defeated there, he appealed the case to the circuit court. In the latter court he insisted that the right to reclaim the goods by replevin did not exist, and he made the further contention that the circuit court was without jurisdiction of the cause, for the reason that the writ of replevin was served by one Bowen, who professed to act as deputy constable, but who had not in fact been appointed to that position. The circuit court decided both questions against defendant, and the evidence as to the merits being undisputed, the court directed the jury to find the issues for the plaintiffs, which was accordingly done. The defendant has appealed from the judgment.

It was conceded that the appointment of Bowen as deputy constable was not in writing. It appeared from the evidence that, previous to the service of the writ in the present case, he had been acting as deputy constable, and that the defendant had availed himself of his services as deputy constable in seizing and removing the corn in question. Under the decisions in this State, Bowen, although verbally appointed as deputy constable, was a *de facto officer* and his acts as such must be held valid (State v. Underwood, 75 Mo. 230; State v. Dierberger, 90 Mo. 369; Simpson v. McGonegal, 52 Mo. App. 540; Buis v. Cooper, 63 Mo. App. 196). Another answer to this objection is that the defendant is estopped from asserting a want of jurisdiction of the justice either of his person or the subject-matter, for he appeared before the justice in obedience to the writ, and without objection submitted himself and the property to the jurisdiction of the justice. It was a

case in which such jurisdiction could be conferred by consent. Fletcher v. Wear, 81 Mo. loc. cit. 530.

The further contention is made that the plaintiffs' lien on the corn can not be enforced in an action of replevin; that the only remedy of plaintiffs' is to sue Kinnard by attachment and seize the corn under the writ. This extraordinary and summary remedy is only afforded the landlord when his tenant is removing or is about to remove the crops from the demised premises so as to endanger the collection of the rent. But that remedy would be unavailable here, for the reason that the corn was removed by defendant without the knowledge and consent of Kinnard, which would afford no ground of attachment against the latter. But we think that plaintiffs' right to replevin the corn is clear under the evidence, for it tends to prove that at the time of the caption, the debt for the rent was due and unpaid, and that after the corn was gathered it was agreed between plaintiffs and Kinnard that the former should hold it for the rent. The plaintiffs being thus constructively in the possession of the corn were entitled to sue in replevin therefor. Young v. Kimball, 23 Pa. St. 193.

Finding no error, the judgment of the circuit court will be affirmed. Judges *Bland* and *Bond* concur only, for the reason that there was evidence of possession of the corn in plaintiffs, hence they were entitled to replevy it.