Hall v. Bramell.

## J. R. HALL, Appellant, v. GEORGE W. BRAMELL, Respondent.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Justices' Courts: EXECUTION: ILLEGAL FEES.** The fact that illegal items of cost are found in a justice's execution does not make it void.

2. **——: STIPULATION FOR CONTINUANCE: JUDGMENT.** A justice is not bound to adopt a general agreement of the parties that the cause be continued to an indefinite period to be determined by them, but he may set the case for a day certain and notify the parties, and his judgment then rendered will be binding.

3. **Replevin: DAMAGES: SPECIAL INTEREST.** Where the finding in an action of replevin is for the defendant who has only a special interest in the property, it is error to assess the full value of the property against the plaintiff, but the damages should be limited to the special interest.

Appeal from Henry Circuit Court.—*Hon. W. W. Graves, Judge.*

REVERSED AND REMANDED (*with directions*).

*Theodore Thompson* and *Jas. Parks & Son* for appellant.

(1) A compliance with the provisions of section 4039, Code 1899, is essential to the issuance of a valid execution. Loth v. Faconesowich, 22 Mo. App. 68; Huffman v. Sisk, 62 Mo. App. 398. (2) The effect of the stipulation in the original cause that "the same be continued from October 29, 1898, the day set for trial, until the parties agree upon date

when the same shall be tried," was to discontinue cause and to divest justice of jurisdiction. His power to proceed further with the suit ceased until the parties agreed upon date. Young v. Kellman, 10 Mo. App. 589; Brahmstead v. Ward, 44 Wis. 591; Allen v. Board of Health, 46 N. J. L. 99; Flint v. Gault, 15 Hun. (N. Y.), 213; Sprague v. Shed, 9 John. 140. The judgment being invalid, the execution thereon was likewise a mere nullity and not admissible in evidence. Burr & Co. v. Mathers & Co., 51 Mo. App. 476. (4) An officer, seizing property under writ, has only a special interest in such property and it is measured by the amount necessary to pay the debt for which the property was seized. The measure of damage is the value of his writ, viz. the debt, interest and legal costs and charges. Cobby on Replevin, secs. 958, 959, 970 and 971; Kerr v. Drew, 90 Mo. 147; Cobby on Replevin, secs. 965, 968; Long v. Cockrell, 55 Mo. 93; Dilworth v. McKelvy, 30 Mo. 149; Boutell v. Warne, 62 Mo. 350; Hickman v. Dill, 32 Mo. App. 509; Wirt v. Dinan, 41 Mo. App. 236; Gentry v. Templeton, 47 Mo. App. 55; Finks v. Hathaway, 64 Mo. App. 186.

*Campbell & Duckworth, Armstrong & Berry* and *C. A. Calvird* for respondent.

(1) Irregularities in the justice's judgment and the execution issued thereon, such as a mistake in the amount of costs or its items or the place of the execution, where they should be set forth, or a neglect to state the rate of interest on the judgment or the execution, will not render such judgment or execution void, as section 4031, Revised Statutes 1899, cures such informalities, to say nothing of reason. Buis v. Cooper, 63 Mo. App. 196. (2) The justice had jurisdiction of the subject-matter of the action and the execution being

regular on its face, was a protection to the officer. Perry v. Gill, 36 Mo. App. 685; Howard v. Clark, 43 Mo. 344; Brown v. Harris, 52 Mo. 306; Patzack v. Van Gerichten, 10 Mo. App. 425; Buis v. Cooper, 63 Mo. App. 197. (3) The amount due appearing from the execution, the court will not reverse the case for a failure of the trial court to find the special interest of respondent in the property, even if it should hold that such was the proper practice. Pierce v. Lowder, 54 Mo. App. 25; City of Warrensburg v. Simpson, 22 Mo. App. 695; Briscoe v. Kennealy, 9 Mo. App. 590; Turner v. Butler, 66 Mo. App. 380; State ex rel. v. Hollenbeck, 68 Mo. App. 366. (4) The failure of the court to find the special interest of the defendant in the property is not material, as the execution, being regular on its face, was a protection to the officer and the action could not be maintained by plaintiff. Buis v. Cooper, 63 Mo. App. 196.

ELLISON, J.—This is an action of replevin whereby plaintiff seeks to recover seven calves. Defendant is a constable and seeks to justify his possession by virtue of a writ of execution against the plaintiff, issued on a judgment in a justice of the peace court. The property was taken from the constable and delivered to the plaintiff.

We have heretofore decided that a party can not replevin property which has been taken from him under a writ of execution unless it be that such writ was void. Buis v. Cooper, 63 Mo. App. 196. Plaintiff undertakes to bring himself within the terms of that decision by showing facts which he contends render the execution aforesaid wholly invalid. Those facts are, that the execution contained a recitation of a number of items of illegal fees and costs, such as 50 cents for "use of house;" for "constable attending court, $1;" "justice holding court, $2," and costs of a jury with fees of jurymen

when there was no jury.

Giving the objection its full breadth, it amounts to this: that the execution was void and afforded no justification to the officer into whose hands it was placed for the reason that among the items of costs there were some not properly taxable in that case and some that would not be taxable in any case. We believe the objection is not well taken. The fact that illegal items of costs are found in an execution is no reason for adjudging the writ void. Such holding would make the writ wholly dependent upon the accuracy of the judgment of the justice issuing and the constable receiving it. A mistake of the justice or constable in indorsing the execution with a statement of the amount of the judgment, or of the costs, or in indorsing illegal items of cost, or in putting such indorsement at the proper place on the execution, will not render the writ void under the statute (section 4037, Revised Statutes 1899). Buis v. Cooper, 63 Mo. App. 196; Snodgrass v. Emery, 66 Mo. App. 462. There may be some parts of the statute, just referred to, which must be literally complied with before a judgment or execution thereon would be valid, but not so in the respect considered here or in the cases just cited. It was held by the St. Louis Court of Appeals that it is necessary to the validity of an execution that the judgment should be first entered in the justice's docket. Loth v. Faconesowich, 22 Mo. App. 68; Huffman v. Sisk, 62 Mo. App. 398. That question is not involved here.

It appears that the parties to the suit before the justice stipulated, two days before the return day of the summons, October 29, 1898, that the cause should "be continued from October 29, the day set for trial, until the parties agree upon a date when the same shall be tried." The parties never agreed upon a date and from this plaintiff argues the cause was thereby discontinued, and, therefore, the judgment subsequently ren-

dered was void. If we should concede the result which plaintiff gives to his proposition, we deny it any application here, from the fact that the justice disregarded the stipulation. It was not treated as of any force, for the justice continued the case until November 12, and again to November 26; having notified both parties to appear on the latter day. The justice was not bound to' adopt a general agreement of the parties that the case should stand continued to an indefinite period, to be terminated by them.

The foregoing shows that the plaintiff had no cause of action. But the judgment against him is nevertheless erroneous. It was for the full value of the property. He obtained possession of the property under the replevin writ, and damages were properly assessed against him in favor of defendant. But as he was the general owner of the property, and defendant had only a special interest therein, to-wit, the amount of his writ with proper costs, defendant should have been limited to that sum in the judgment rendered. Cobbey on Replevin, secs. 958, 959, 970, 971; Kerr v. Drew, 90 Mo. 147; Dilworth v. McKelvy, 30 Mo. 149; Dodd Brown & Co. v. Wilson; 26 Mo. App. 462; Hickman v. Dill, 32 Mo. App. 509; Wirt v. Dinan, 41 Mo. App. 236; Boutell v. Warne, 62 Mo. 350.

We have no means here of ascertaining just what costs should be allowed to be charged by defendant on his execution and therefore can not fix upon a sum that should be remitted from the present judgment. We will therefore reverse the judgment and remand the cause that a judgment may be entered for defendant for the amount of his writ and costs legally chargeable. All concur.