CALDWELL, Respondent, *vs.* HEAD *et al.*, Appellants.

1. A deed is valid, as against the grantor and his heirs, although not acknowledged or proved and recorded. After the death of the grantor in an unacknowledged deed, without a subscribing witness, the grantee cannot maintain a bill against his heirs for a title.

2. A court cannot, by its decree, compel the registry of a deed which the statute does not authorize to be registered.

3. If the grantee apprehends future difficulty in proving the execution, he may perpetuate the testimony.

## *Appeal from Perry Circuit Court.*

*M. Frissell,* for appellant. The court erroneously took jurisdiction of the cause. The only relief the plaintiff could obtain was under the act concerning the perpetuation of testimony. Admitting that the decree was for the right party, the costs should have been adjudged against the plaintiff, for the reason that the proceedings were not instituted on account of any default of the defendant. 1 Madd. Ch. Pr. 185, 6, 7, 8, 9. The finding of the court that the deed had been delivered, is not warranted by the testimony.

*John W. Noell,* for respondent. 1. There was ample proof of the execution and delivery of the deed. 2. There being no subscribing witnesses to the deed, it must be established by the decree of a court of equity, before it is competent to pass the legal title and be admitted to record. R. C. 1845, p. 222–3, secs. 22, 24 ; p. 793, sec. 1. A deed without any subscribing witness has been decided in Michigan to be good in equity as a contract for the sale of lands under a statute similar to our own. *Godfrey* v. *Disbrow,* Walker's Ch. Rep. 260.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding by the respondent, Caldwell, against the heirs and widow of John Logan, in order to divest the title of certain real estate and pass it to the respondent; or, that a deed already made for the said estate be established, and that proof of the execution thereof be received for record, and that the same be recorded.

It appears that Logan signed and sealed a deed conveying the estate, but failed to acknowledge it, so that it could not be recorded. The deed was dated in January, 1849, and was without a subscribing witness.

1. This proceeding seems to be founded on a misconception of the law as to the requisites essential to the validity of a conveyance of lands. It has never been deemed requisite, in this state, that a deed, in order to be effectual between the parties thereto, should be acknowledged or proved and recorded. The fifteenth section of the act concerning conveyances prescribes, that every conveyance in fee or of a freehold estate, shall be subscribed and sealed by the person from whom the estate or interest conveyed is intended to pass, or his lawful agent. This is all that is necessary to make the deed binding between the parties thereto. The section immediately following, which requires conveyances to be acknowledged or proved and recorded, is to be taken in connection with the forty-second section of the same act, which declares, that no such instrument in writing shall be valid, except between the parties thereto and such as have actual notice thereof, until the same shall be deposited with the recorder for record. So, the question of the registry of a deed can only arise between the grantee and purchasers, creditors or incumbrancers. As between Caldwell and Logan, the deed was valid. Logan then dying, nothing descended to his heirs. All his estate had previously passed by his deed, and it was a useless act to bring a bill against them for a title. When Caldwell wishes to use his deed in evidence, if its execution is denied, it will be sufficient to prove the hand writing of Logan, and then it will be as effectual against his heirs, as if it had been acknowledged in the most formal manner and duly recorded. No registry is now necessary nor could it effect any thing, as Logan, the grantor, is dead. In some of the states, acknowledgment and registry are essential requisites to the validity of a conveyance of lands. This principle has its foundation in statutory enactments and was unknown to the common law.

2. The statute has prescribed how the acknowledgment shall be taken and the proof made, in order to admit a deed to record. It is obvious, that a court cannot make a valid registry in any other manner than that prescribed by statute. Its de-

crees, which pass titles, may be recorded, and that ceremony is equivalent to the registry of a deed. Here the parties had no title. No title passed by the decree, as their ancestor had previously conveyed it. So, in reality, the parties, when they came out of court, were·just where they were when they went in.

3. If there should be any difficulty apprehended in proving hereafter the hand writing of John. Logan, the party may have assistance under the provisions of the act concerning the perpetuating of testimony.

The other judges concurring, the decree will be reversed and the petition dismissed.