FRANCIS LEMAY *et als.*, Appellants, *v.* JOSEPH POUPENEZ, Respondent.

*Marriage Contract—Notice—Recording.*—The recording of a marriage contract executed in 1805, but not acknowledged or proved as required by the statutes then in force, does not give notice to subsequent purchasers of the existence and contents of such instrument; neither does such recording impart notice to subsequent purchasers, by virtue of the act of 1847, (Session Acts of 1847, p. 95, § 8,) the instrument not being a deed or will.

*Conveyance—Notice—Evidence.*—The purchaser of land, affected by any instrument in writing not properly recorded, must have actual notice of the existence of such instrument. The fact of notice is to be proved like other facts, by evidence direct or circumstantial.

*Conveyance—Purchaser—Notice.*—A purchaser with notice of an instrument in writing affecting land, but not duly recorded, may protect himself by conveyance from a purchaser without notice.

*Appeal from Land Court.*

Suit to recover nine-twentieths of a lot in Carondelet. The petition stated that Antoine Mallette and Angelique Moreau, under a marriage contract made and executed and recorded 30th September, 1805, in the State of Missouri and county of St. Louis; that by this contract there was established between them a community; that during its existence the town of Carondelet conveyed to said Angelique Mallette, the south-west quarter of block 63, in the town, and of which block the premises in dispute are part; that Angelique subsequently, as a gift, and without a valuable consideration, conveyed the northern half to her son Francis Mallette, who sold it to Joseph Poupenez; that the conveyance of Francis Mallette to Poupenez was with full notice on the part of Poupenez of the existence of said marriage contract.

The answer puts in issue all of these allegations. At the trial, plaintiffs offered evidence that the conveyance by Angelique to Francis Mallette was a gift, and without a valuable consideration; and that when Francis Mallette sold to Joseph Poupenez, (Natler, the other defendant, being only Poupenez's tenant,) Poupenez had notice of the existence and contents of the marriage contract in question.

Upon question of notice, the court gave the following instructions at instance of defendant, and to which plaintiffs excepted:

(For 1st and 2d instructions see opinion.)

3. That the recording of the marriage contract in 1805 is no notice to either Francis Mallette or Joseph Poupenez of the contents of said marriage contract.

The plaintiffs asked for the following instructions, which the court refused to give, to which ruling plaintiffs excepted:

1. The jury are instructed that "by notice" the law intends nothing more than such knowledge of the facts as would put a prudent man on his guard to inquire concerning them.

2. The jury are instructed that if Francis Mallette had notice of the existence of the marriage contract, and of its being recorded in St. Louis county previous to the taking of the deed from his mother, Angelique Mallette, the law will presume him to have notice of the contents, and the jury will find accordingly.

*A. J. P. Garesché*, for appellants.

I. Defendant's instructions upon the subject of notice should have been refused, and those asked by plaintiffs given, because notice, in intendment of law, is only such knowledge as would put a prudent man upon his guard to inquire. (Beatie v. Butler, 21 Mo. 323; Vaughan v. Tracy, 22 Mo. 421.)

II. The contract, though not properly acknowledged, imparts notice. (Allen v. Moss, 27 Mo. 363.)

III. The record of the contract was valid, and therefore notice to the world. (Sec. 6, Evidence, R. C. 1855, p. 731; Lim. Acts, 1847, p. 95; 10th sec. Act of 1804, art. 1, T. L. 11; Chouteau v. Chevalier, 1 Mo. 245; Parks v. Roussin, 8 Mo. 537; Wilkinson v. Rozier, 19 Mo. 444; Aubuchon v. Murphy, 22 Mo. 123.)

Finally, it must be reversed for the instructions given for

defendant as to Joseph Poupenez. He, in his testimony, admits that the mother often told him that her marriage contract had been recorded in St. Louis county; even then, though improperly recorded, he had such notice of the existence of the contract as would, under the doctrine of the authorities quoted in support of my first point, have excluded him from the class of an innocent purchaser. (Act concerning Recorders, 1 T. L. 421.)

*J. Taussig*, for respondent.

The respondent submits the following propositions:

I. The record of the marriage contract did not impart notice to subsequent purchasers, the contract not having been acknowledged or proven according to law.

The marriage contract was executed in 1805.

(*a.*) The act establishing Recorders, approved October 1st, 1804, (Terr. Laws, ed. 1842, vol. 1, p. 47,) provides in § 8, that "all deeds or conveyances which shall be made of and concerning any lands, and by which the same may be in any way affected in law or equity, shall be acknowledged or proven before one of the judges of the general court, or before one of the justices of the Court of Common Pleas of the district where the land conveyed lies." The marriage contract in question, although it is not a deed, not being an instrument under seal, is a "conveyance of and concerning lands." (Moss v. Anderson, 7 Mo. 339 & 340.)

(*b.*) The marriage contract was not proven, acknowledged or recorded in conformity with the provisions of the act concerning marriage contracts. (Sess. Acts of 1825, p. 525, § 5; also, §§ 1 & 2 of same act.)

(*c.*) Registry of a defective deed is notice to no one, unless made so by express statutory provision. (Pope v. Henry, 24 Vt. 560; Johns v. Reardon, 3 Md. Chan. 57; Jenning v. Wood, 20 Ohio, 261.)

The provisions of the act to quiet vexatious land litigation (Sess. Acts of 1847, § 8, p. 95) are not applicable to instruments not under seal, and therefore the decision of this court

in the case of Allen v. Moss, 27 Mo. 354, is not applicable to the case at bar.

The act concerning Evidence, Rev. Stat. 1855, p. 731, § 46, is broad enough in its language to cover the case at bar, as it embraces not only instruments under seal, but also "other instruments of writing." But Francis Mallette and the defendant acquired their respective titles and this suit was commenced before the passage of that act; its provisions are, therefore, not applicable to the case at bar.

( *d.* ) The authorities cited by appellant on this point all refer to cases of marriage contracts executed before the passage of the act of 1804.

The fourth instruction asked by respondent was therefore properly granted.

II. In order to relieve the plaintiffs of the operations of the Registry Acts of 1804 and 1805, they were bound to prove that both purchasers, Francis Mallette and the defendant, had actual notice.

( *a.* ) Notice must be brought home to both purchasers. (Halsa v. Halsa, 8 Mo. 308 ; Bartlett v. Glasscock, 4 Mo. 66–7 ; Draper v. Bryson, 17 Mo. 76.)

The purchasers were entitled to actual notice, as distinguished from implied or constructive notice. (Sess. Acts of 1825, p. 525, § 5 ; Draper v. Bryson, 17 Mo. 74, 87.)

Actual notice is not " such knowledge of the facts as would put a prudent man on his inquiry," but " such knowledge or information as makes the taking of a deed by the purchaser an act of bad faith towards the holder of the unrecorded deed," or " knowledge of the purchaser that his grantor had previously sold the land." (4 Kent's Com. 171 ; 1 Story's Eq. 393 ; Dey v. Dunham, 2 Johns. Ch. 182 ; Jackson v. Givan, 8 Johns. 137 ; Jackson v. Van Valkenburgh, 8 Cowen, 260 ; Jackson v. Burgall, 10 Johns. 457 ; Rogers v. Wiley, 14 Ill. 65 ; Curtis v. Mundy, 3 Metc. 407 ; Draper v. Bryson, 17 Mo. 71 ; Beattie v. Butler, 21 Mo. 313 ; Vaughn v. Tracy, 22 Mo. 415 ; id. 25 Mo. 322.)

For a collection of decisions, see Doyle v. Teas. 5 Ill.; 4 Scammon, 249.

III. The lot in controversy did not enter into the community created by the marriage contract.

(*a.*) The deed of the town of Carondelet is not a conveyance to either husband or wife, but is a conveyance to Leon Levy, in trust for the sole and exclusive use of Angelique Mallette.

(*b.*) If the deed of Carondelet is to be treated as a conveyance to Angelique Mallette, it is submitted that the property therein described was not, by the terms of the deed, and as shown by the evidence, acquired by one of the spouses by lucrative title.

The conveyance is a gift, the consideration nominal, paid by Leon Levy, and merely a fee for drawing the deed. The fact that both husband and wife had possessed and cultivated the lot, does not change the case. (Wilkinson v. Iron Mountain Co. 20 Mo. 122; Hughey v. Barrow, 4 La. 250; 1 White's Recop. 61, n. 44.)

The instructions asked by defendant on this branch of the case were refused by the court below and are not preserved in the record.

BATES, Judge, delivered the opinion of the court.

Antoine Mallette and Angelique Moreau made a marriage contract on the 30th day of September, 1805, which was recorded on the same day. It was not sealed by them, and it was not acknowledged or proved. Among other provisions it established a community between the parties, who were then married. During the marriage, a lot in the town of Carondelet was acquired by the wife, by deed. After the death of the husband, the widow, on the 21st of October, 1848, conveyed the lot to one of her sons, Francis Mallette, who subsequently conveyed the same to the defendant Poupenez. There were children of the marriage, and some of them bring this suit as heirs of Antoine Mallette, claiming that his heirs are entitled, under the marriage contract, to

one-half of the lot. There was judgment for the defendant, and the plaintiffs appealed.

The first point in the case is upon the question whether the defendant was chargeable with notice of the contents of the marriage contract, because of its having been recorded, and the lower court instructed that he was not so charged.

In the act to quiet vexatious land litigation, approved February 2d, 1847, (sec. 8, p. 95) it is provided "that the records made by the recorder of the proper county, by copying from any deed of conveyance, deed of trust, mortgage, will, or copy of a will, that has neither been proven nor acknowledged, or which has been proven or acknowledged, but not according to the law in force at the time the same was done, shall, from and after the passage of this act, * * impart notice to all persons of the contents of such instruments; and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice thereof."

In the revision of 1855, there was added to the list of instruments mentioned, the general words "or other instrument of writing."

The marriage contract was not a deed of conveyance, nor any instrument mentioned in the act of 1847, and, consequently, the defendant was not, by virtue of the provisions of that act, charged with notice of its contents.

The plaintiffs also gave evidence tending to prove actual notice to Francis Mallette and the defendant Poupenez; and the court, at the instance of the defendant, gave to the jury the following instruction: " Unless the jury find from the evidence that Francis Mallette or Joseph Poupenez had actual notice of the contents of the marriage contract between Antoine Mallette and Angelique Moreau, before or at the time of the making of the several deeds to them, the plaintiffs cannot recover."

This instruction is right in requiring actual notice (the recording being no notice), and is right in requiring the notice to both Francis Mallette and Joseph Poupenez; for a want of notice to either was a sufficient defence to Poupenez.

Another instruction was, however, given for the defendant which was erroneous. It was as follows: "To entitle the plaintiff to a verdict in this case, the proof of notice of the existence and contents of the marriage contract, and of the claim of the heirs of Antoine Mallette under it, must be explicit, clear and positive, so as to leave no reasonable doubt in the minds of the jury that the taking of their respective deeds by Francis Mallette and Joseph Poupenez, with the intention of claiming the whole lot therein conveyed, were, under the circumstances, acts of bad faith towards the heirs of Antoine Mallette." It was error to require proof of notice of a claim under the contract, in addition to the notice of the contents of the contract. The specification of the character of proof required of the plaintiffs was also erroneous. Notice is a fact to be proved, as other facts, by evidence direct or circumstantial. The burden of proof was on the plaintiffs, but the issue was to be decided by the preponderance of the testimony, and it was error to require proof of bad faith beyond a reasonable doubt.

Another instruction given for the defendant was without evidence upon which to base it.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.