HERMAN KRUSE, Plaintiff in Error, *v.* JOHN HAGEDORN, Defendant in Error.

1. *Justices' courts — Practice — Statement — Precision not required.*—Precision and conformity to rigid rules cannot be invoked in regard to proceedings before justices of the peace ; and where a transcript from a justice stated that plaintiff had filed his affidavit, and gives its substance, and the justice sends up as one of the original papers in the case a statement indorsed "affidavit," it sufficiently appeared that the statement had been filed at the institution of the suit, and it was error to dismiss the case on the ground that no statement had been filed with the justice.

*Error to Montgomery Circuit Court.*

*Powell & Hughes*, for plaintiff in error.

*Sanders & Carkener*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

This was an action originally brought before a justice of the peace to recover damages for killing one of plaintiff's hogs.   In the magistrate's court plaintiff had judgment, and on appeal to the Circuit Court, on motion of the defendant, the case was dismissed because no statement was filed with the justice.   No objection was taken to the sufficiency of the statement in the Circuit Court, but the ground relied on was that there was no evidence to show that it had been filed with the justice.   The statement was indorsed "affidavit" on the back thereof, and the justice's transcript states that the plaintiff filed his affidavit, and gives the substance of what it contained.   Moreover, the statement is sent up to the Circuit Court in full, and certified to by the justice of the peace, as one of the original papers on which the cause was tried. It therefore sufficiently appears that the statement was duly filed at the institution of the suit.   Precision and conformity to rigid rules cannot be invoked in regard to proceedings before justices of the peace.   The motion was purely technical and should have been disregarded.

The judgment must be reversed and the cause remanded.   The other judges concur.