Caldwell v. Fea, et al.

JOSIAH CALDWELL, Plaintiff in Error, *vs.* JOSEPH FEA, *et al.*, Defendants in Error.

1. *Justices' Courts—Judgment—Execution—Motion to quash, etc.*—The entry on a justice's docket. showed suit brought against Fea, Brother & Turnbull, and judgment against defendants "as a firm, or against Joseph Fea and William Turnbull, as the summons was served on them personally." The execution issued under it recited a judgment and ordered a levy against the three defendants. *Held*, that although the judgment bound only the two defendants named, yet under the statute (W. S., 839, § 15), the execution should not be quashed, but should be amended, so as to conform its recitals to the law, and should be directed against the defendants, who had been personally served.

*Error to Washington Circuit Court.*

*G. J. Van Allen*, for Plaintiff in Error.

*Reynolds & Relfe*, for Defendants in Error.

SHERWOOD, Judge, delivered the opinion of the court.

This case comes up here in consequence of the court below sustaining a motion to quash an execution issued on the transcript of a judgment of a justice of the peace.

The action before the justice was entitled Josiah Caldwell vs. Fea, Brother & Turnbull, as shown by the justice's docket, which recites the filing of an account for $50 on the 16th day of November, 1872, the issuance of a summons, returnable on the 2nd day of December next following, the rendition of a judgment by default against the three defendants, "as a firm," "or against Joseph Fea & William Turnbull, as the summons was served on them personally, 16th day of November, 1872, December 2,1873, and that execution issue therefor: Execution issued, December 18th, 1872, March 1st, 1873, no goods or chattels found. Transcript filed, March 7th, 1873."

There were two transcripts filed by the justice, the first on the last mentioned date, and the second on the 29th of the same month. Both transcripts follow the recitals of the docket in every respect, except that the second transcript shows of whom the firm of Fea, Brother & Turnbull was composed, recites a judgment by default only against Joseph Fea and William Turnbull, directs the issuance of an execu-

tion to the constable (naming him) to run for 60 days, and states, that such execution was, March 1st, 1873, by the constable, (naming him,) returned no goods or chattels found, but does not state at what time the execution issued, while the first transcript shows, that the execution issued December, 1872, to run 60 days, and was returned March 1st, no goods or chattels found, and recites the judgment by default against the defendants as a firm, or against the two defendants, who are mentioned in the justice's docket as having been personally served.

The execution, sought to be quashed, recited a judgment recovered before the justice by Josiah Caldwell against Thomas Fea, Joseph Fea and William Turnbull, composing the firm of Fea, Brother & Turnbull, on the 2nd day of December 1872; the issuance of an execution on that day, the return of the same March 1st, 1873; no goods and chattels found by the constable to whom the same was directed, as appeared by the transcript of the justice, filed the 29th day of March, 1873, in the office of the clerk, and directed the sheriff to levy the debt of the goods, chattels and real estate of the said Thomas Fea, Joseph Fea and William Turnbull.

The grounds of the motion to quash were: that there was no such judgment as set forth in the execution; that the defendants were not served with process and did not appear; that the execution issued by the justice did not run 60 days, nor did the constable wait that length of time before returning the execution, and that the transcript filed did not show the issuance and return of an execution.

It is against the whole policy of our law, as well as the express provisions of our statute, to scan too narrowly, and scrutinize too closely, proceedings before justices of the peace.

Section 15, p. 839, 2 W. S., provides, "No judgment rendered by a justice of the peace shall be stayed, or in any way affected, by reason of any informality in entering such judgment or other entry required to be made in the docket."

It was obviously improper for the magistrate to render judgment against the firm to which the defendants belonged;

Caldwell v. Fea, et al.

but this impropriety on his part did not at all invalidate the judgment as to the two defendants who were served with process; and that they were thus served on the 16th day of November, 1872, sufficiently appears, notwithstanding that date was immediately followed by that of "December 2nd, 1872." And it also appears with sufficient clearness, that the execution issued by the justice was made returnable in sixty days, and was not returned until after the expiration of that length of time, and with such a return indorsed thereon as authorized the issuance of an execution by the clerk of the Circuit Court upon the filing of the transcript.

It was perfectly competent therefore, for that court to disregard the blunders and inaccuracies of the justice's entries, and to amend the execution issued by its clerk, so that it should conform to the facts patent of record, and be directed only against those defendants who had been served with process. And this is the course which should have been pursued, instead of quashing the writ, as it was evident upon examination of the docket of the justice, and the transcripts filed by him, that the law, so far as concerned the defendants served, had been substantially complied with. (Jeffries vs. Wright, 51 Mo., 215.)

The judgment is reversed and the cause remanded. The other Judges concur.