I. M. SNODGRASS, Appellant, v. VALENTINE EMERY *et al.*, Respondents.

Kansas City Court of Appeals, May 4, 1896.

1. **Justices' Courts:** EXECUTION SALES: TITLE. Proceedings before a justice of the peace should not be scanned too narrowly and especially when they are the basis of title, since the policy of the law is to uphold judicial sales; and the fact that a justice fails to indorse on an execution the rate of interest the judgment bears, will not defeat a title acquired at the execution sale.

2. **Execution:** SALE: TITLE: ESTOPPEL. Where a party invites bidders to an execution sale and insists upon their buying, he will be estopped to claim title as against such bidders on the property sold.

3. **Estoppel:** EXECUTION: SALE: MORTGAGE. Where joint owners put one of their number in exclusive possession and control of property with authority to sell and the latter so conducts himself with respect to such property as to cause others to believe that he is the sole owner thereof, the other owners will be estopped to assert title to such property against a purchaser at an execution sale against the owner in possession or against a mortgage made by him.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED (*with directions*).

*Robinson, Cole & Burnett* for appellant.

(1) A purchaser's title to property bought at a constable's sale under an execution upon a valid judgment, can not be defeated by the mere fact that the justice of the peace failed to mark the rate of interest on the back of the execution. Endlich on the Interpretation of the Statutes (1888), sec. 433, p. 612; R. S. 1889, secs. 2100, 2113, 2116. It is the policy of the law to uphold judicial sales. *Wilhite v. Wilhite*, 35 Mo. 71; *Jones v. Manly*, 58 Mo. 559, 565; *Patter v. Thomas*, 58 Mo. 163, 175; *Castleman v. Reefe*, 50 Mo. 583. *Harrington v. Fortner*, 58 Mo. 468, 473; *Caldwell v. Fea*, 54 Mo. 55, 56; *Kruse v. Hagedorn*, 50 Mo. 576. (2) When the defendant in an execution irregularly issued on a valid judgment, stands by and sees his property sold under it, without an effort to arrest the sale, he can not afterward claim the proceeds on the ground of the irregularity. *Slagel v. Murdock*, 65 Mo. 522; Rorer, Judicial Sales [2 Ed.], sec. 896, p. 346; Id., sections 456 to 472, inclusive. (3) Where joint owners of personal property place the

same in the custody and control of one of their number with power to dispose of it as he sees fit and he mortgages the property as the absolute owner, for value, and thereupon informs the other joint owners, who, being so informed, acquiesce in and ratify his action, then the mortgagee has a valid mortgage against all the joint owners, and his assignee, for value, succeeds to the same rights. *Dymock v. Railroad*, 54 Mo. App. 409, and cases cited; *Lumber Co. v. Kreeger*, 52 Mo. App. 421, and cases cited; *Hotch v. Kimball*, 16 Me. 146; 2 Herman on Estoppel (1886), secs. 976, 977, 978; *Hibbard v. Stewart*, 1 Hich, 207.

*McCluer & Bowling* for respondent.

, (1)   The execution not having the indorsements required by section 6305 of the Revised Statutes of Missouri, 1889, was void, and a sale under it could not convey good title. *Loth v. Faconesowich*, 22 Mo. App. 68. (2) Valentine Emery could not appropriate partnership property to the payment of his private debt. *Ackley v. Staehler*, 56 Mo. 558, 561, 562; *Flanagan v. Alexander*, 50 Mo. 50; *Price v. Hunt*, 59 Mo. 258; *Hilliker v. Francisco*, 65 Mo. 598. (3) John or Ed. Emery never ratified the mortgages. A ratification is only effectual when the act is done by a person professedly acting as the agent of the party sought to be charged as principal. 1 Am. and Eng. Encyclopedia of Law, p. 431; *Bank v. Berneo*, 17 Mo. App. 316.

SMITH, P. J.—This is an action of replevin to recover the possession of one hundred tons of ice. There was a trial before the court, a jury having been dispensed with. Plaintiff had judgment for one third of the ice, the interest of defendant, Valentine Emery,

and the other two defendants had judgment against plaintiff for the other two thirds thereof. The plaintiff appealed. The defendant, Valentine Emery, did not appeal; so that the propriety of the action of the court in giving judgment against him is not questioned here.

The plaintiff complains that the judgment in favor of the other two defendants was unauthorized by the evidence and can not stand. It appears from the record that the plaintiff was the purchaser of the ice at a constable's sale, under an execution issued by a justice of the peace, on a judgment against defendant, Valentine Emery. It is conceded that the judgment was regular, but it is insisted that since the execution did not have indorsed thereon the rate of interest borne by the judgment, as required by section 6305, Revised Statutes, for that reason it was void and was not admissible in evidence, as constituting in part the foundation of the plaintiff's title. The court took this view of the law and rejected the plaintiff's offer of the asme.

This was an irregularity, it is true, but was it such as would defeat the plaintiff's title acquired under it? Proceedings before justices of the peace should not be scanned too narrowly, and especially when made the basis of title acquired thereunder. *Harrington v. Fortner*, 58 Mo. 468; *Caldwell v. Fea*, 54 Mo. 55; *Kruse v. Hagedorn*, 50 Mo. 576. It is the policy of the law to uphold judicial sales. *Wilhite v. Wilhite*, 35 Mo. 71; *Jones v. Manly*, 58 Mo. 559.

But however this may be, the defendants ought not to be heard to question the regularity and validity of the execution, for the reason that the evidence discloses the fact that the defendant, Valentine Emery, solicited the plaintiff to attend the constable's sale of

the ice under the execution, and to bid therefor, and that it was in consequence of such solicitation that the plaintiff did attend and purchase. Bigelow on Estoppel, secs. 471–473; Herman on Estoppel, sec. 929; *Lumber Co. v. Kreeger*, 52 Mo. App. 418, and authorities cited.

The ice was sold by the constable, subject to the lien of two defaulted mortgages, which had been executed by defendant, Valentine Emery, to one Hill. Immediately after the constable's sale, the plaintiff purchased of Hill the two mortgages and thereupon took possession of the ice and continued to retain and use the same until the defendants nailed up the door of the house in which it was situate. The defendants Valentine and Ed. Emery were present at the constable's sale, but neither made any objection thereto. Not until about the time this suit was brought did the defendant, Valentine Emery, or anyone else, make it known that the other defendants claimed an interest in the ice. At no time had the defendant, Valentine Emery, intimated that he was not the exclusive owner of the ice. Neither when endeavoring to induce the plaintiff to purchase the same at the execution sale, nor in giving the mortgages to Hill, did he intimate that the other defendants claimed any interest in the ice. He so conducted himself with respect to the ice as to cause the plaintiff and Hill to believe him to be the sole owner thereof.

The undisputed testimony of the defendant, Valentine Emery, was to the effect that, while he was not the full owner of the ice, the other two defendants placed him in control of it, with authority to sell or otherwise make the best disposition he could of it; that he gave the said first mortgage without first saying anything to the other defendants about it; that afterward he talked with them about having given the same, and that they made no objection to what he had

done; that later on, he made the said second mortgage to which they likewise made no objection. It is further disclosed by the testimony of Hill that when the defendant, Valentine Emery, mortgaged the ice to him, the latter represented himself to be the owner of it. It further appears that the amount bid by the plaintiff at the constable's sale, and that paid for the Hill mortgages, was quite equal to the value of the ice. The defendants, Ed. and J. W. Emery, put the other defendant in the full possession of the ice, with authority to deal with it as his own.

The rule is that when one, by his own words or conduct, willfully causes another to believe in a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time. *Lumber Co. v. Kreeger*, 52 Mo. App. *ante; Savings Ass'n v. Kehlor*, 7 Mo. App. 158; *Taylor v. Zepp*, 14 Mo. 482; *Bates v. Perry*, 51 Mo. 449; *Spurlock v. Sproule*, 72 Mo. 503; *Acton v. Dooley,* 74 Mo. 63. In view of this rule, we think the defendants are concluded to assert title to the ice against the plaintiff claiming under the mortgage.

Not only this, but shortly after defendant Emery had induced the plaintiff to purchase the ice, the defendant, J. W. Emery, a resident of the state of Kansas, gave plaintiff notice that he was the owner of the ice in its entirety. Again, the defendant, Ed. Emery, was at the trial and did not offer by his testimony to explain the strange and inconsistent conduct of himself and codefendants in respect to the matters already adverted to. We are unable to resist the conclusion that the defendants, Ed. and J. W. Emery, showed no just right to the ice, or the value thereof,

as against the plaintiff and that the judgment in their favor should be reversed.

There were no instructions given for the defendants and we are not advised of the theory upon which the court gave judgment for them. Upon no theory of law applicable to the undisputed evidence, do we think the defendants are entitled to judgment.

The judgment for the defendants will be reversed and the cause remanded with directions to the circuit court to set aside its finding and judgment for defendants, Ed. and J. W. Emery, and to give judgment for the plaintiff against them, for the two thirds interest of said property, so that the judgment shall be for the plaintiff for the property as claimed in the petition. All concur.