## FINLEY v. BABB et al., Appellants.

### Division One, March 18, 1903.

1. **Conveyance:** FORGED ACKNOWLEDGMENT: NOTICE. A deed the acknowledgment to which is forged, is not entitled to be recorded, and if recorded ·its record imparts no notice to any one.

2. ————: ————: GOOD AS BETWEEN PARTIES: NOTICE. A deed whose acknowledgment only is forged, is, as to all persons claiming under subsequent conveyances who had actual notice of the existence of the instrument whóse acknowledgment was forged, good, and as effectual to convey the maker's interest in the land as if it had been properly and legally acknowledged and recorded.

3. ————: ————: EFFECT AS TO FORGER. A remainderman signed a deed of trust for himself and also signed it for the life tenant without her knowledge and consent, and forged the justice's certificate of acknowledgment of both himself and the life tenant. *Held,* that this deed of trust was effectual to convey the interest of the remainderman, and as to all persons who had actual knowledge of it, its foreclosure and the trustee's deed conveyed the title to the purchaser.

4. ————: ————: NOTICE AT SALE: TITLE ACQUIRED BY PURCHASER. The purchaser at the foreclosure sale acquires the title that was originally conveyed to the trustee and the *cestui que trust* by the deed of trust without any limitations or impairment that may be attempted to be put upon such title by mere notice given at the foreclosure sale of the existence of a prior deed of trust whose acknowledgment was forged. Where the acknowledgment of a deed of trust is forged, the record thereof does not impart notice, and a second deed of trust made by the same mortgagor is, as to its *cestui que trust* without actual notice, entitled to priority, ·and the purchasers at its foreclosure take the title, and any notice given at the foreclosure sale of the existence of the first deed of trust whose acknowledgment was forged will not then impair the purchaser's title under the second deed of trust, but he takes with the same priority of right that the *cestui que trust* in his deed of trust had at the time of its delivery.

5. ————: ————: RECORD LESS THAN· A YEAR: RELATION. If the second deed of trust was made within a year after the deed of trust with the forged acknowledgment was placed of record, the rights of the purchasers at the foreclosure of the second deed of trust relate back to the conditions that existed on the date of the second deed of trust.

Vol 173 mo—17

Finley v. Babb.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*M. Arnold* and *Joe W. Moore* for appellants.

(1)   The deed of trust dated September 20, 1892, signed by L. Kirkpatrick and purporting to be signed by Missouri Kirkpatrick, is absolutely void and conveyed no title at all to plaintiff.  Finley v. Babb, 144 Mo. 403.  This conveyance did not even impart notice to purchasers for value, because the acknowledgment was defective, being forged.  This forged trust deed was recorded September 27, 1892, and on October 20, 1892, less than one month afterwards, Missouri Kirkpatrick, Lank Kirkpatrick and Alice Kirkpatrick, his wife, executed a genuine deed of trust to H. L. Finley and under the sale of which E. J. Malone and J. H. Vanausdale became the purchasers.  The forged deed of trust dated September 27th would not even have conveyed the interest of Lank Kirkpatrick, as the acknowledgment was defective, being forged, and did not impart legal notice to E. J. Malone and J. H. Vanausdale, the purchasers for value. Bishop v. Schneider, 46 Mo. 472; Finley v. Babb, 144 Mo. 403.  (2)   All interests in real estate are vendible.  Brown v. Fulkerson, 125 Mo. 400; Godman v. Simmons, 113 Mo. 122.  (3)   The tax deed by the sheriff, dated April 20, 1898, also shows title in appellants, and even if the forged deed did convey interest of Lank Kirkpatrick, the tax deed under sale made afterwards would vest title in appellants, who were the purchasers at that sale.

*Boone & Lee, W. C. Russell* and *Russell & Deal* for respondent.

(1) This court has held that a remainderman can convey his future contingent interest, and that being true, the only question for decision in this case is, under which deed of trust did the interest of Lank Kirkpatrick pass, the first or the second? Godman v. Simmons, 113 Mo. 122. (2) This deed of trust dated September 20, 1892, was signed by Lank Kirkpatrick, and was taken by Hagan in good faith to secure three hundred dollars. It was good as to Lank Kirkpatrick. The fact that Lank forged his mother's name and that of the justice of the peace could not destroy its validity as to him. He could not thus profit by or take advantage of his own wrong. Brien v. Fleming, 135 Mo. 597. (3) The deed of trust being good as to him, was good against all persons buying with notice of the same. Chandler v. Bailey, 89 Mo. 641; Wilson v. Kimmel, 109 Mo. 260; Hanna v. Davis, 112 Mo. 601. (4) This deed of trust was duly recorded September 27, 1892, and was constructive notice after being recorded one year whether it was acknowledged or not. Sec. 3118, R. S. 1899. Defendant did not purchase for more than two years after the said deed of trust was recorded. (5) Moreover, the purchasers at the time of their purchase under the second deed of trust had actual notice of the existence of the prior deed of trust under which we claim, as it was distinctly announced by the trustee selling to them that he was selling subject to the first deed of trust, and they purchased with that understanding. (6) In an effort to perfect their title they caused tax suit to be brought against themselves and others, while they were owners of the life estate, in the possession of the land and full enjoyment of the rents and profits of the premises, and at that sale purchased the land, but no part of the consideration was in fact paid. The defendant Malone in his evidence, and in answer to the question whether he did not have the suit instituted for the purpose of perfecting his title, said: "Well there was back taxes

on there. It might have been .my object.'' He further stated that he was at the time in possession and collecting all rents. As life tenants in possession of the property it was their duty to pay the taxes and they certainly could not consume the interest of the remaindermen by instigating a tax suit, and sale ·of' the lands, for taxes that they themselves were in duty bound to pay, and especially in view of the fact that. they paid nothing for their deed obtained under the tax sale.     Allen v. DeGroodt, 98 Mo. 159; Whitney v. Salter, 36 Minn. 103; Varney v. Stevens, 22 Me.. 331; 1 Washburn, Real Prop. (5 Ed.), 129.

MARSHALL, J.—Ejectment for the northwest: quarter of the southwest quarter of section 33, town-- ship 27, range 15, in Scott county. The petition is in the usual form, and the answer is a general denial.. The plaintiff recovered in the circuit court and the: defendants appealed.

This is the second time the controversy between these parties for this land has come before this court. The first case is Finley v. Babb, 144 Mo. 403. ` The facts as they then appeared to this court are stated in .the opinion to have been agreed to be as follows:

. ''Mrs. Missouri Kirkpatrick was the owner of the· land in dispute. On September 20, 1892, her son, Lank Kirkpatrick, made a trust deed on the land to William Halloway, trustee for J. R. Hagan, to secure a note of $300. This deed of trust was signed by Lank Kirkpatrick for himself, and he signed his mother's·' name, without her knowledge or consent, to the deed, and forged the justice's certificate of acknowledgment to the same, without the knowledge or consent of the justice or his mother. This deed of trust was recorded September 27, 1892. The mother, while she did not authorize the signing of the deed, says that he did all of her business and frequently signed her name, and had he asked her permission she would have

authorized him to sign her name, and as soon as she learned he had done so she was willing to ratify the act and is now, and will acquiesce in the act so far as she and her interest goes; and this fact was known by all parties to this suit before they purchased the land. On October 20, 1892, Missouri Kirkpatrick made a genuine deed of trust on the same land to William Hunter, trustee for H. L. Finley, to secure $695, recorded December 22, 1892. On December 8, 1894, the trustee sold under the last deed of trust. The trustee at the sale notified the purchaser and all bidders of the Hagan deed of trust, and that the sale was made subject to it, and that Missouri Kirkpatrick did not sign the Hagan deed of trust, that her name and the justice's was a forgery done by Lank Kirkpatrick, but that Missouri Kirkpatrick agreed to and would ratify the same so far as she was concerned. Malone & Vanausdale purchased at this sale for $800 cash, deed recorded the same day. On March 6, 1895, the same land was sold under the Hagan deed of trust, by the trustee, and at the sale the plaintiff purchased with full notice of the other sale to Malone & Vanausdale. The defendants are in possession and were when suit was brought. The rents are worth in cash one hundred dollars net per year. On December 29, 1893, Missouri Kirkpatrick made a deed of trust on the same land to a trustee for Malone & Vanausdale to secure the sum of $485.52, duly acknowledged and recorded the same day. And she then told said Malone & Vanausdale that it was the second deed of trust on the land.''

Upon this showing Division Two of this court, per BURGESS, J., declared the law to be as follows:

''It is perfectly clear from the facts agreed upon that plaintiff was not entitled to recover in this action. In order to enable him to do so, it devolved upon him to show that he had the legal title to the land at the commencement of the suit, was entitled to

its possession, and that defendants were then in the possession. [2 Greenl. on Ev. (15 Ed.), sec. 304; Fleming v. Johnson, 26 Ark. 421; Daniel v. Lefevre, 19 Ark. 201.]

"The mortgage under which plaintiff claims title being a forgery was absolutely void, and no title by virtue of the sale under it passed to him. Nor could Mrs. Kirkpatrick by any expressed willingness of hers to ratify that instrument, and to acquiesce therein made thereafter, cure it of its infirmity and make it a valid instrument. The only way that she could have done so was by the execution of a new mortgage in compliance with the statute, and this she could not have done so as to affect the intervening rights. No verbal statements that she could have made would have passed the legal title to the land to plaintiff or any one else, and this it was necessary for him to have in order to a recovery in this action.

"Plaintiff having failed to show title to the land or that he was entitled to its possession was not entitled to recover."

It will be observed that it thus appeared to this court at that time that Mrs. Kirkpatrick was the absolute owner of the land in 1892. Such, however, now appears was not the real fact, for she had only a life estate and the remainder was in her heirs, who at that time were Sherman, Hall and Lank Kirkpatrick. Sherman died October 24, 1898, and Mrs. Kirkpatrick died January 21, 1899, and this suit was begun September 14, 1899.

The plaintiff, in addition to the above facts, offered in evidence the deed of trust aforesaid dated September 20, 1892, and the trustee's deed, to the plaintiff, under the foreclosure thereof, dated March 6, 1895, and also a deed from Lank Kirkpatrick to O. F. Goodin, dated March 16, 1899, and a deed from said Goodin to the plaintiff, dated October 25, 1899.

The defendant introduced the deed of trust from Lank Kirkpatrick and wife, and Mrs. Missouri Kirkpatrick to plaintiff, dated October 20, 1892, and also the trustee's deed, at the foreclosure thereof on December 8, 1894, to E. J. Malone (one of the defendants herein) and J. H. Vanausdale, and also a quitclaim deed from Vanausdale to Malone. Also a sheriff's tax title deed, which, however, need not be further referred to because the purchase price was returned to the defendant, and the sale was never completed.

The plaintiff claims that the decision on former appeal is not controlling in this case, for the reason, *inter alia,* that although the deed of trust made by Lank Kirkpatrick for himself and in the name of and as for his mother, Missouri Kirkpatrick, was void as a conveyance of Mrs. Kirkpatrick, who had only a life estate, still it was a good conveyance as to Lank Kirkpatrick's contingent remainder, and as Mrs. Kirkpatrick's life estate had terminated by her death before the institution of this action, the plaintiff has now a good title to the share of Lank Kirkpatrick in the land. And, further, that at the time Lank Kirkpatrick and his mother made the deed of trust on October 20, 1892, and at the time the defendants purchased at the foreclosure sale under that deed of trust, on March 6, 1895, Lank Kirkpatrick had only a contingent remainder in the land, and hence the contingent remainder of Lank Kirkpatrick passed to the plaintiff by virtue of the deed of trust of September 20, 1892, and the death of the life tenant on January 21, 1899, and not to the defendants by virtue of the deed of trust of October 20, 1892, and the death of the life tenant.

Both parties concede that under the decision of this court in Godman v. Simmons, 113 Mo. 122, a contingent remainder is alienable during the continuance of the life estate, and if the remainderman survives the

life tenant, a good title will pass to the grantee or purchaser.

It will be observed that the deed of trust of September 20, 1892, was signed by Lank Kirkpatrick for himself, and that he also signed his mother's name to it, without her knowledge or consent. On the former appeal, it was held that this made the deed void, and, therefore, the recording of it imparted no notice. So far as then appeared to the court, the fact that Lank Kirkpatrick had also signed the deed for himself was immaterial, because it did not then appear that he had any interest in the land, but that his mother owned it all. Now, however, it appears she had only a life estate and Lank and his two brothers were the owners of the remainder, and since the former decision and before this suit was begun, one of the brothers has died, and the mother has died. So that the life estate is now terminated and the fee is vested in the remaindermen or their grantees or assigns.

Lank Kirkpatrick signed both of the deeds of trust of September 20 and October 20, 1892, respectively. The acknowledgment to the first, he forged. The second was duly acknowledged. The acknowledgment to the first being forged, it was not entitled to be recorded, and, under the statute, it imparted no notice to any one. [R. S. 1899, sec. 924.] But as to Lank Kirkpatrick and as to all persons claiming under him who had actual notice, prior to acquiring other conveyances, of the execution by him of the deed of trust of September 20, 1892, that deed of trust is good and is as effectual to convey his interest in the land as if it had been properly and legally acknowledged and recorded. [R. S. 1899, sec. 925; Strickland v. McCormick, 14 Mo. l. c. 169; Caldwell v. Head, 17 Mo. 561; Harrington v. Fortner, 58 Mo. l. c. 473-4; Siemers v. Kleeburg, 56 Mo. 196; Black v. Gregg, 58 Mo. 565; Bennett v. Shipley, 82 Mo. l. c. 453; Chandler v. Bailey, 89 Mo. l. c. 645;

Wilson v. Kimmel, 109 Mo. l. c. 264; Hannah v. Davis, 112 Mo. l. c. 605.]

The statute (sec. 925) provides:

"No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record."

As was said in Harrington v. Fortner, 58 Mo. l. c. 473: "The deed from Glassburner to Oliver, although the acknowledgment was worthless, was good as a common-law deed, and was, having been duly delivered, as valid and operative to all intents and purposes between the parties thereto, and those having actual notice thereof, as though acknowledged with every statutory formality. [Wag. Stats. 1872, p. 277, sec. 26; Caldwell v. Head, 17 Mo. 561.]

"The chief object of having a deed acknowledged is, that it may be admitted to record, and thus impart constructive notice 'to all persons of the contents thereof.' But where actual notice exists, as is plainly the case here, all necessity for the constructive notice, which under our registry act is only imparted upon the due acknowledgment and filing for record of the deed, vanished away."

The plaintiff in this case was the *cestui que trust* in the second deed of trust, dated October 20, 1892, and the defendants were the purchasers at the foreclosure sale thereunder on December 8, 1894. The defendants heard the notice that was given at that sale that the sale was to be subject to the first deed of trust dated September 20, 1892, and that Mrs. Kirkpatrick ratified the wrongful act of her son in signing her name to the first deed of trust. On the other hand, the plaintiff herein, who was the *cestui que trust* under the second deed of trust, after recovering his debt by the foreclosure of the second deed of trust, became the purchaser of the land at the foreclosure sale under

the first deed of trust   dated   September 20,   1892, which foreclosure took place March 6, 1895.   There is no pretense that when the second deed of trust was made and executed the trustee or *cestui que trust* had any actual knowledge of the first deed of trust.

The pivotal question in this case, therefore, is, whether the defendants, as purchasers at the foreclosure of the second deed of trust and with the notice there given, took subject to the first deed of trust, or whether they acquired all the rights that the holder of the second deed of trust had at the date of the execution and recording of the second deed of trust.

In other words, the holder of the second deed of trust had no notice, constructive or actual, of the first deed of trust, at the time he loaned the money and took the second deed of trust, and, therefore, as to him, the second deed of trust is unquestionably entitled to priority over the first deed of trust.   Now the question is, did the defendant acquire these rights of the *cestui que trust* under the second deed of trust, or did the notice that was given at the foreclosure of the second deed of trust have the effect of making the title passed by that sale subject to the first deed of trust, when the deed of trust   under which that title   was passed, was entitled to priority over the first deed of trust, while it was in the hands of the *cestui que trust.*

The plaintiff would not have admitted, while he held the second deed of trust, that his deed of trust was subject to the first deed of trust.   But since he collected his debt by foreclosing the second deed of trust, and since he has become the purchaser under the first deed of trust, he now contends that he has the better title.

If a purchaser at a foreclosure sale of a mortgage or deed of trust takes title, subject to any notice of any character as to the title to be conveyed by that sale that may be given at such sale, then the plaintiff has the better title.   But if the purchaser at such a foreclosure sale, acquires the title that was originally

conveyed to the trustee and *cestui que trust* by the mortgage or deed of trust, without any limitations that may be attempted to be put upon such titles by mere notice given at the foreclosure sale, then the defendants have the better title.

The general rule of law is thus stated in 20 Am. and Eng. Ency of Law (2 Ed.), p. 1040: "As an assignee of a mortgage succeeds to the rights of the mortgagee, he is entitled to the same priority as against purchasers or other incumbrancers that the original holder of the mortgage would be entitled to, and in fixing such priority the date of the execution of the mortgage and not that of the assignment, governs. . . . An assignment of a mortgage is subject to the same equities and rules that govern in the assignment of other non-negotiable instruments, and the general rule is that the assignee succeeds to all the rights of his assignor, arising out of or based upon the mortgage, but has no other or greater rights and does not occupy any better position." If, therefore, the plaintiff had assigned his second mortgage to the defendants, they would undoubtedly have been entitled to the same priority over the first mortgage that the plaintiff had.

After pointing out that the registry act was only intended to furnish means of knowledge of prior alienations, and that as to those who have actual knowledge thereof, it is immaterial whether the prior alienations were recorded or not, the Am. and Eng. Ency. of Law (1 Ed.), vol. 20, p. 585, et seq., says:

"It would seem that, where lien· creditors are protected by the recording provisions, a creditor affected with notice of a prior conveyance before his lien attaches will take subject to such conveyance, and that is the doctrine which generally prevails. So a purchaser at an execution sale, where the lien of the judgment is not superior to an unrecorded instrument, can be in no more favorable position than the judgment

creditor, if he has notice of a prior unrecorded conveyance. But the doctrine of notice will not prevent a purchaser with notice taking from one without notice from acquiring title as against a prior unrecorded instrument, and, conversely, a purchaser without notice from a person having notice of a conveyance prior to his own, will be protected by the recording acts."

The numerous cases cited in the notes fully sustain the rule laid down in the text. Among the cases cited is Funkhouser v. Lay, 78 Mo. 1. c. 465, where it is said that: "A purchaser with notice may protect himself by purchasing the title of a bona fide purchaser without notice. [1 Story Eq., par. 409; Halsa v. Halsa, 8 Mo. 308; Lemay v. Poupenèz, 35 Mo. 71.] The reason of this rule is aptly expressed by Chancellor KENT, in Bumpus v. Platner, 1 John Ch. 220, to be 'to prevent a stagnation of property, and because the first purchaser, being entitled to hold and enjoy, must be equally entitled to sell.' "

The second deed of trust was made just a month after the first. The first deed of trust, not having been properly acknowledged, did not impart any notice to any one by reason of being recorded and it is not shown that when the plaintiff loaned his money upon the faith of the second deed of trust, he had any actual notice of the first deed of trust. Therefore, the second deed of trust was entitled to priority while in the hands of the plaintiff. The defendants succeeded to the rights of the plaintiff under the second deed of trust, and are entitled to all the privileges and rights that the plaintiff had in the second deed of trust, including the right of priority aforesaid.

It is wholly immaterial that at the foreclosure sale under the second deed of trust, the plaintiff or the trustee notified the bidders that the sale was to be subject to the first deed of trust, for if, as a matter of law, it was not so subject, or if it was not so subject while in the hands of the plaintiff—the *cestui que trust*

therein—the giving of such a notice would not make it so subject, but the purchaser at the sale succeeded to all the rights, title and interest conveyed and created by the second deed of trust.

Therefore, the defendants have a better title to the land than the plaintiff has.

It is further contended that under section 3113, Revised Statutes 1899, the deed of trust dated September 20, 1892, was constructive notice after it had been on record for one year, whether it was acknowledged or not.

This, however, does not aid the plaintiff's case, for the deed of trust through which the defendants derive title was dated October 20, 1892, which was just thirty days after the forged deed of trust ·was executed, and the defendant's rights are related back to the conditions that existed on October 20, 1892. Hence, the provision of the statute invoked can not apply.

The conveyance of Lank Kirkpatrick to Goodin and of Goodin to the plaintiff, after the death of the life tenant, does not help the plaintiff's case, for the reason that Lank Kirkpatrick parted with his remainder by his deed of trust dated October 20, 1892, and that interest became absolute in the defendants by virtue of the foreclosure of the deed of trust on December 8, 1894, and the death of the life tenant on January 21, 1899. Hence, Lank Kirkpatrick had no interest of any kind in the land when he made the deed to Goodin on March 16, 1899.

The result is that the plaintiff has shown no title in himself and no right to recover, and therefore the judgment of the circuit court in his favor is reversed, and because no different showing could be made upon a trial anew of this case, the cause is not remanded.

All concur.